## JACOB GASKILL, RESPONDENT, v. E. J. MOORE, APPELLANT.

PLEADING, MATTERS IN AVOIDANCE. — Matters in avoidance must be specially pleaded. They cannot be used as defenses under an answer which is a simple denial of the allegations of the bill.

DECREE, DESCRIPTION OF PROPERTY IN.—The nature of the interest to be sold under a decree of sale, is sufficiently ascertained by a lease, which is referred to and described in the decree.

MECHANICS' LIEN ON LEASEHOLD INTEREST.—Improvements made by an owner of property, after the surrender of a lease by a tenant, upon whose leasehold interest a mechanic's lien had previously attached, can no more impair this lien than if made by the tenant himself.

APPEAL from the Fourth Judicial District.

The facts in this case are fully stated in *Gaskill* v. *Trainer et al.*, reported in 3 Cal. 334. The statement there given, together with that portion of the decree of the Court specially excepted to, is all that is necessary to an understanding of the opinion of the Court.

The Court below, after finding the sum due on the mechanics' lien, "finds that the plaintiff, Jacob Gaskill, holds a mechanic's lien for the said sum, with interest and costs, as aforesaid, on the leasehold interest which the defendant, John W. Trainer, had July 1st, 1852, by virtue of a certain indenture of lease, bearing date May 10th, 1852, between

Ezekiel J. Moore, of the first part, and John W. Trainer, of the second part, in and to the following described lands and premises, to wit (describing them): subject, nevertheless, to the conditions in the said indenture of lease contained; that the said leasehold interest is the residue and balance, from the 1st day of July aforesaid, of a term of five years, which term commenced June 10th, 1852, and will end June 1st, 1857. It is, there-*fore, ordered, ad-     [234] judged and decreed, that the said leasehold interest be sold pursuant to law, to satisfy the said lien, and that the proceeds derived from such sale be paid into Court, subject to its further order."

The defendant appealed from this decree.

*J. B. Crockett*, for Appellant.

1. The decree does not define or ascertain the nature, extent or condition of Trainer's interest in the leasehold estate, which is to be subjected to Gaskill's lien.

2. Gaskill had no lien, having acquiesced in the cancellation of Trainer's lease, and having afterwards proceeded under Trainer as a contractor.

3. If Gaskill has a lien, it is, at best, but an equity, and to be enforced by proceedings analagous to those which obtain in courts of equity. It was established by the proof, that Moore had, in good faith, expended a large sum in erecting buildings on the premises, believing that the lease was terminated. It was error to subject the premises, including Moore's buildings, to the plaintiff's lien, without in any manner ascertaining or protecting Moore's interest.

4. No rents have ever been paid to Moore, and if he is to lose his buildings and his lease, he is entitled to his rents. Before decreeing sale of the premises, the Court should have caused an account to be taken of the rents, and provided for their payment out of the proceeds of the sale. It was error to decree a sale without first ascertaining the precise nature of the interest to be sold, so that purchasers might know what they were buying, and what responsibilities they would incur.

6. The decree does not conform to the opinion heretofore rendered by the Supreme Court in this cause.

No brief on file for Respondent.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

When this case was here before, we decided in favor of the enforcement of the plaintiff's lien. If our [235] attention had been * directed to the pleadings, we could not have hesitated to disregard all of the defenses which are attempted to be set up. The answer is a simple denial of the allegations of the bill, while the questions argued at the Bar are all of matters in avoidance.

The only new question argued upon this appeal, is upon the assignment of error, that the Court below, in its decree, does not ascertain the precise nature of the interest to be sold. This objection is not valid. The interest to be sold is the leasehold estate of Trainer, and that is sufficiently ascertained by the lease, which is referred to and described in the decree of the Court. Nor can it be properly said, as is contended by the appellant, that Moore has an interest in the estate which is condemned, on account of improvements which he put upon the property, under his subsequent contract with Trainer. If he obtained a surrender of the lease from Trainer, the effect of it was only to make him bear the same relation to Gaskill, in reference to the lien of the latter, as did Trainer; and, therefore, the improvements made by Moore can no more impair the rights of Gaskill than if they had been the improvements of Trainer.

The decree is affirmed.