## LAWRENCE v. KNIGHT.

Where a lease contained the usual covenants for payment of rent, and re-entry for non-payment, and provided for the appraisement of improvements erected by the lessee, and payment of their value by the lessor at the expiration of the term, and the lessor re-entered for non-payment of rent: *Held*, that the lessee could *not* maintain an action upon being evicted, for the value of his improvements.

If the lessee has any remedy, he must wait till the expiration of the time fixed by his contract.   He cannot by his own default change the terms of the contract in his own favor.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

The facts upon which this case is made may be briefly stated thus: The defendant, in 1853, leased a lot in San Francisco to one Allen for a term of seven years; the contract provided that Allen should pay a ground rent of three hundred and fifty dollars per month; also,

that lessee should erect certain buildings; these, at the end of the term, were to be appraised, and their value to be paid by the lessor. The interest of lessee was assigned and came to the hands of the present plaintiff. A clause of forfeiture for non-payment of rent was in the lease; and this condition having been broken by lessee or his assignee, the lessor re-entered.

The bill is filed by the plaintiff for the value of these improvements. The defendant demurred, and the Court below sustained the demurrer, and plaintiff appealed.

*Heydenfeldt & Perley* for Appellant.

1. The defendant, Knight, having terminated said lease by his own voluntary act, (in serving notice to that effect) is now estopped from denying the consequences of that act; that the "*term*" is at an end, and the proper remedy is by bill in equity. Humphreys v. Holtsenger, 3 Sneed, 228; Alston v. Boyd, 6 Humph. 505; Ridley v. McNary, 2 Humph. 174; Herring v. Bird, 4 Humph. 362; 6 Humph. 324; King v. Thompson, 9 Peters, 204; Ewing, Adm'r, v. Handley, 4 Littell, 371; Bright v. Boyd, 1 Story, 494; Hall v. Delaplain, 5 Wisconsin, 206; Berry v. Executor of Van Winkle, 1 Green. Ch. (N. J.) 269; Copper & Colbath v. Wells & Hoe, Saxton, pt. 1, p. 10; 4 Edward's Ch. Rep.; and see Van Rensaellaer's heirs v. Penniman, 6 Wendell, 569.

2. "Term" is from the Latin "*terminus*," or end, and is the duration or continuance of the *estate*, and not of the *time* mentioned in the lease. A term of two years may be put an end to in one year or any less time, by forfeiture or otherwise. As to the signification of "term," see Taylor's Landlord and Tenant, sec. 16; 1 Hillard on Real Property, 198, 201; 2 Story, sec. 1316.

3. The "term" being thus ended by his own act, prior to the time agreed upon by the parties for its termination, he is liable at once for the value of the improvements, as stipulated in said lease, in the same manner as if he had permitted said lease to expire by its own limitation. He cannot claim the benefits resulting from such termination of the lease, to wit: the possession of the improvements and their rents, relieved of its burthen; but must take it subject to the

Lawrence v. Knight.

payment for the value of the improvements.    Baroillhet v. Battelle *et al.*, 7 Cal. R. 450 ; Gaskill v. Trainor, 3 Cal. R. 334 ; Gaskill v. Moore, 4 Cal. 233.

4. The sixty days mentioned in the lease, as the time when said appraisers were to be appointed prior to the end of said term, not having elapsed between the time when Knight gave notice that he intended to claim a forfeiture and the time of his re-entry into possession of said leasehold premises, said plaintiff is thereby released from the performance of such *impossible act*, the defendant having put it out of plaintiff's power to comply with such condition.

5. The appointing appraisers was an act to be done by defendant, the same being a benefit to him.    Because it was only upon condition that said appraisement be made, that said defendant was entitled to an extension of time for the payment of said appraised amount.

*Shattuck, Spencer & Reichert* for Respondent.

The demurrer raises the following questions : *First*, Can a lessee, who has forfeited the lease by the non-payment of rent, and that forfeiture has been judicially declared, maintain an action on the covenants of the lessor, to be performed only when the *term* is to be complete and ended ?

*Second.*    If such an action can be maintained, can it be done when the term is ended by the default of the lessee in refusing to pay rent, or only when the term has expired by limitation ?

These are questions of practical importance, and if new, might be interesting; but they have both been settled by this Court in Whipley v. Dewey *et als.*, 8 Cal. R. 38.

This lease, as the times changed, bore a high ground rent.    It had years yet to run.    The lessee, or assignee, refuses to pay that rent. The landlord, after waiting for months in vain for his rents, declares a forfeiture by its terms, and re-enters, thereby losing his high rent for the balance of the term.

The buildings are newer, and therefore, are worth more now than they will be at the end of the term.

It is also supposable, that at the end of the term building material

and labor will be cheaper than at present, and the building, therefore, worth less than it is now, irrespective of its age.

Now, if the lessee can, by his own wrong, terminate a lease, and then take advantage of that wrong and have his building valued in its newer state, and compel his landlord, not only to pay him this extra price, but to pay him this years before the time contracted for, it would be a wonderful way to rid one's self of a lease that, by the change of times, had become onerous.

*Third.* We submit, that having forfeited the lease on his part, and rendered it void as to time, the lessee cannot afterward sue upon it. It is dead as to him, and he cannot invoke its aid.

This suit is founded on a contract rendered void as to the plaintiff by its own terms and by his own showing. It cannot be sustained, and the demurrer is properly interposed. The plaintiff cannot now, or at any future time, sustain a suit upon this dead contract.

If he has any rights, they are at the end of the term, and in equity, not in law. If, at the end of the term, he can show that the building is worth more to the landlord than he has lost in rents by the default of the plaintiff, an account can then be taken; but not *now*, for the reason that it cannot *now* be ascertained what the building will be worth *then*, nor how much the landlord will lose in the way of rents.

*Fourth.* In reviewing briefly the points taken by the appellant, we may observe as to the *first*, *that the proposition is wrongly stated.*

Knight did not terminate the lease " by his own voluntary act." He was satisfied with it; did not wish to terminate it, but the appellant would not comply with its terms; refused to pay rent; and to re-enter was the landlord's only remedy. It is an abuse of terms to call that a *voluntary* act for which he should suffer; that was forced upon him by the bad conduct of the lessee. *Second.* The cases cited to support the proposition are inapplicable.

Those decisions point to two classes of cases:

1. Where one has contracted for the purchase of land, and under such contract has gone into possession and made improvements, increasing the value of the land: upon a rescission of the contract, the value of the improvements shall be set off against the rents and profits.

2. Where one has placed a relative in possession of land, under the

idea that it will be donated, and valuable improvements are made with this expectation, if the donation fails, the value of the improvements shall be paid for.

All this is reasonable, but none of the cases or principles apply to this.

The explanation of the word *term*, under the *second* head or point, is likewise erroneous. " A *term* signifies, not only the limitation of *time*, but the estate and interest that pass for such time." Taylor's Landlord and Tenant, sec. 16.

To limit it, therefore, to the *estate* is erroneous. *The end of the term*, as found in the lease, evidently means the end of the *time* mentioned therein : the *time* when the lease expires by its *terms*, and not the ending of the *estate* by the default of the lessee.

The *estate* may be forfeited, but the *time* when the lease ends, and when the landlord is to perform his covenants, is certain and fixed by the lease.

The authorities cited do not sustain the *third* proposition of the appellant. Baroillhet v. Battelle, 7 Cal. R. 480, decides that where the lessee mortgages the building for the payment of rent, the landlord may foreclose such mortgage for rent in arrear ; nothing more. Gaskill v. Trainor, 3 Cal. R. 334, simply shows that the non-payment of rent will not work a forfeiture of the lease, unless the rent be demanded as at common law. Gaskill v. Moore, 4 Cal. R. 233, only decides that a mechanic's lien upon a leasehold estate is not destroyed by a forfeiture of the lease and a subsequent improvement by the landlord.

It is submitted that neither of these cases supports the proposition ; much less is it supported by its own reasoning.

The *fourth* and *fifth* propositions of appellant are sustained by no authority, and seemingly are not sound.

BALDWIN, J., after stating the facts, delivered the opinion of the Court—FIELD, J., concurring.

We think the demurrer was rightly sustained. The argument of the respondent we think conclusive, to show that the plaintiff or his assignee can be in no better situation, after having violated the con-

tract of lease, than if they had complied with it.  If they had com-
plied with it, the buildings would have been appraised at the end of
the term and at their then value, which probably would have been
very different from the present value.   The only remedy of the lessor
for the recovery of his rent was the re-entry.   This remedy was
secured to him by contract.   Because he has availed himself of his
clear right, he does not subject himself to an entire change of the con-
tract, both as to time of payment and amount.   If this were so, all a
lessee would have to do, under a contract of this sort, to rid himself,
at any time, of a bad bargain, would be to refuse to pay his rent, and
claim at once payment for his improvements ; an operation by which
he might make, and could not lose.

If the plaintiff has any remedy, he must wait until the time expires
which the contract has fixed.   He cannot, by his own default, change
in his own favor the terms of the contract, and fix upon the lessor a
contract he never made.

Judgment affirmed.