MORRIS KENT, AND T. HEBRARD v. A. J. SNYDER, JOSEPH BROCKMAN, CHARLES HEBRARD, DANIEL FRAZIER, AND THE JEFFERSON GOLD AND SILVER MINING COMPANY.

DEMURRER.—*Brown* v. *Martin*, 25 Cal. 82, in relation to a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, commented on.

DEMURRER TO COMPLAINT FOR WANT OF CAUSE OF ACTION.—A demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, is sufficient, without a specification of the reasons why it does not state such facts, unless the defense relied on is one which, to be made available, must be specially pleaded.

WHEN DEMURRER MUST SPECIFY GROUNDS THEREOF.—A demurrer to the complaint for any reason except an objection to the jurisdiction of the Court, or that the complaint does not state facts sufficient to constitute a cause of action, must distinctly specify the grounds upon which any of the objections to the complaint are taken.

RELIEF IN EQUITY ON THE GROUND OF FRAUD.—A bill in equity to obtain relief on the ground of fraud is not sufficient if it charge fraud in general terms; but the facts constituting the fraud should be stated.

COMPLAINT FOR RELIEF IN EQUITY ON THE GROUND OF FRAUD.—A complaint in equity to have a deed absolute on its face reformed so as to become a deed of trust, which avers that the deed does not express the trusts and conditions upon which it was agreed the property should be transferred, but that such conditions were by the defendants fraudulently suppressed, without any statements of what acts of fraud were practised, does not state facts sufficient to constitute a cause of action.

APPEAL from the District Court, Tenth Judicial District, Yuba County.

The plaintiffs appealed from the judgment.
The other facts are stated in the opinion of the Court.

*Ferdinand J. McCann,* and *Jesse O. Goodwin,* for Appellants, argued that the demurrer must be limited to the causes specially assigned; and cited Adams' Eq. Pl. 691; Story's Eq. Pl. Sec. 455; Practice Act, Sec. 41; *Brown* v. *Martin,* 25 Cal. 91. They also argued that the averments in the complaint, that the deed was understood and intended by the parties at the time of its delivery to be upon the conditions and trusts that Snyder should take possession of and work the claim, and out of the proceeds pay the debt and erect and construct machinery, etc., and that he should then reconvey to the grantors an undivided half of the claim, and that these conditions and trusts were fraudulently suppressed by Snyder and Frazier, were sufficient averments of the facts constituting the fraud, as the complaint was to enforce a trust in the nature of a security; and cited *Pierce* v. *Robinson,* 13 Cal. 126; *King* v. *Merchants' Ex. Co.,* 1 Selden, 556; 20 Cal. 139; and *Pierson* v. *McCahill,* 21 Cal. 128.

*Charles E. Filkins,* and *W. C. Belcher,* for Respondents Snyder and Frazier, argued that a party seeking to establish a trust by parol as against a deed absolute on its face, on the ground of a fraudulent suppression of the trust in the deed, must plainly, fully, and distinctly set forth the facts constituting such fraud, and that a general allegation of fraud was not sufficient; and cited *Macy* v. *Kinder,* 7 Cal. 206; *Kohner* v. *Ashnauer,* 17 Cal. 578; *Baugh* v. *Ramsey,* 4 Monroe, Ky., 157; *Miller* v. *Cotton,* 5 Ga. 341; *Semple* v. *Hagar,* 27 Cal. 166.

*G. N. Swezy,* and *Chas. E. Filkins,* for Respondent, the Jefferson Gold and Silver Mining Company, argued that there were no sufficient charges of fraud contained in the complaint,

as the complaint did not show any such mistake, error, surprise, or fraud as to entitle the plaintiffs to have the deed reformed; and cited *Harris* v. *Taylor*, 15 Cal. 348–9; *Meeker* v. *Harris*, 19 Cal. 289; and *Pierson* v. *McCahill*, 21 Cal. 128. They contended that those facts constituting the cause of action, and those facts only, must be stated; but sufficient of such facts should be stated, so that when the law was applied to them there could be no doubt in determining a cause of action to exist, and that this should be done, too, in such a manner that the Court would not be required to assume or presume the existence of any other facts than those stated in order to determine, as a conclusion of law, whether the party had a cause of action or defense.

*McCann*, and *Goodwin*, in reply, argued that the charge in the complaint that the defendants fraudulently suppressed the conditions of the deed, was a charge of a fact which in law amounted to a fraud, and that there was no case in which the act charged in the bill as fraudulent was in itself an act of actual or presumptive fraud, in which the bill was not sustained.

By the Court, CURREY, C. J.:

On the 21st of February, 1863, Charles Hebrard, T. Hebrard, Joseph Brockman, Morris Kent, Jean Gellinot and Claude Pralus were in possession of a certain quartz ledge or lode in Brown's Valley, in Yuba County, and a quartz mill, and certain personal property therewith connected, claiming the same as miners, by virtue of a location made of the premises, as is usual in such cases; and on the day above mentioned the four first named persons 'executed a deed absolute in form, purporting to convey all their right, title, interest and estate in and to the property to Daniel Frazier, for the consideration of one thousand three hundred and fifty-five dollars. Two of these grantors, Kent and T. Hebrard, by their complaint allege that, at the time the deed was executed, the owners of

the quartz ledge and mill were in debt in said sum, and desiring to increase the yield of gold from their mine they determined to work the same by improved machinery; and for the purpose of carrying out their intention, and also for the purpose of providing for the payment of the debt they owed, they conveyed by deed to the defendant Snyder their right, title and interest in and to said property, and delivered possession of the same to him. The plaintiffs aver that the conveyance was, at the time of its execution and delivery, understood and intended by and between the parties thereto to be upon the following conditions and trusts: that is to say, that said Snyder should take possession and diligently work the mine, and out of the proceeds thereof should provide for and pay off the debt of one thousand three hundred and fifty dollars, and should also, as soon as possible and within a reasonable time after that date, at his own costs and expense, construct and put upon the mining claim improved machinery and works for extracting gold from the mine more extensive than the machinery and works then used at the mine, and that, at the expiration of such time, he should reconvey to the grantors named in the conveyance to him one undivided half of the same mining claim with the improvements thereon, together with the appurtenances thereunto belonging. The plaintiffs then aver that the defendant Snyder, falsely pretending that he could better execute said trusts in the name of another than in his own name, fraudulently caused said conveyance to be made to him in the name of his partner in trade—the said Frazier—over whose mind and actions said Snyder had and exercised undue power and entire control, and that under these circumstances the deed of conveyance was executed and delivered to Snyder, in the name of Daniel Frazier; that Snyder, on the day of the execution of the deed, took possession of the premises and property under and by virtue thereof, and held possession of the same until the 17th of September, 1863, during which time he took from the mine gold to the value of eighty thousand dollars.

The plaintiffs also aver that the deed of conveyance does

not express the true intention and agreement of the parties to it, for the reasons, first, that the name of the true party of the second part is not expressed in the deed, and second, that the conditions and trusts upon which the same was executed were not set forth or expressed therein ; " but instead thereof, the said conditions were by the said A. J. Snyder and Daniel Frazier fraudulently suppressed." The conditions which the plaintiffs say should have been expressed in the deed are set forth in the complaint. It is stated in the complaint that in May, 1863, Claude Pralus, who was at that time interested in the premises to the extent of an undivided sixth thereof, sold his interest therein to the defendant Snyder, who, it is alleged, purchased the same for them and Jean Gellinot and the defendants Brockman and Charles Hebrard.

The plaintiffs assign the refusal on the part of Snyder to perform the trusts upon which the conveyance was made as a breach of his engagement; that instead thereof, he and Frazier, combining and confederating together, pretend and claim that said conveyance was absolute to Frazier of the premises, and that so pretending, they, on the 17th of September, 1863, with a certain other person who then represented an undivided fifth part of the premises, formed and organized themselves into a corporation under the laws of this State, by the name of the Jefferson Gold and Silver Mining Company, whose nominal capital was three hundred and ninety thousand dollars, divided into seven hundred and eighty shares; and that the mine and property thereto appertaining constituted the entire basis of such capital and shares, of which Snyder and Frazier afterward received six hundred and twenty-four shares. That when this suit was commenced Snyder still held two hundred and fifteen shares of the stock ; that Frazier had sold three hundred and twelve shares of the stock for thirty thousand dollars; that for six months next preceding the commencement of the suit the net dividends of the mine had been twenty dollars per month for each and every share, and that Snyder, of such dividends, had received forty-three thousand dollars, and from the sales of stock had received forty

thousand dollars more. The plaintiffs say they have always been ready and willing to receive of the defendants, Snyder and Frazier, in part satisfaction of what is due, shares of the stock of the corporation formed as aforesaid, and so to do were still ready and willing, but that Snyder and Frazier have always refused to pay over to them any of the proceeds derived from the working of the mine, or which they had received from the sales of the stock, or to transfer to them any shares of said stock, though requested to do so.

The plaintiffs pray, first—That the deed executed on the 21st of February, 1863, to Snyder in the name of Frazier, be reformed so as to express the intention of the parties thereto when the same was executed. Second—For an accounting between the plaintiffs and the defendants, Snyder and Frazier. Third—That Snyder may be compelled to transfer the shares of stock which he still has to the plaintiffs—that is, one half thereof to each; and that the Jefferson Gold and Silver Mining Company may be enjoined from paying over any dividends to Snyder, or to any one for his use, during the pendency of this suit, and for such other or further relief as may be equitable.

To the complaint the defendants Snyder and Frazier, and also the Jefferson Gold and Silver Mining Company, demurred on the grounds—first, of the non-joinder of Joseph Brockman and Charles Hebrard as plaintiffs; second, of the misjoinder of Frazier, Brockman and Charles Hebrard as defendants; third, that the complaint does not state facts sufficient to constitute a cause of action against the defendants; fourth, that the complaint is ambiguous and uncertain, because it is claimed that said deed was made to Snyder, while it appears that it was made to Frazier.

The demurrer was sustained, with leave to the plaintiffs to amend their complaint; which leave they declined, and thereupon the complaint was dismissed and judgment rendered against them for costs.

*Demurrer.*

The question we shall consider is whether the complaint states facts sufficient to entitle the plaintiffs to the relief which they ask or any other relief in the premises. But before doing so we are called upon to dispose of an objection suggested on the part of the appellants to the general nature of the demurrer, to support which the case of *Brown* v. *Martin*, 25 Cal. 82, is referred to as laying down the rule that a demurrer in the language of the statute, to wit, that the complaint does not state facts sufficient to constitute a cause of action, will be disregarded. In the case cited the demurrer was that the complaint does not state facts sufficient to constitute a cause of action, and the defendant attempted to avail himself of the bar of the Statute of Limitations under this general objection to the complaint. This was held to be an insufficient assignment of the defense of the Statute of Limitations, of which a party can avail himself only by pleading it specially, whether the pleading be by demurrer or by answer; and that is the extent to which the judgment in that case goes, though there may be expressions in the opinion delivered by the Chief Justice which seem to go beyond.

Whenever the defense is of the nature of a special privilege, of which the party can only avail himself by pleading it, then his pleading, whether it be by, demurrer or answer, must specify the grounds of his defense. A complaint which states a cause of action which might be defeated by interposing the Statute of Limitations may be sufficient to support a judgment, provided the defendant does not choose to avail himself of the defense afforded him; and hence if he elects to avail himself of any defense personal to himself as a special privilege or immunity he must manifest that election by pleading it; and this, according to the decisions of the Courts, made under codes like our Practice Act, he may do by demurrer or answer.

The statute provides that unless the demurrer shall distinctly specify the grounds upon which any of the objections

to the complaint are taken, it shall be disregarded, excepting only the objection to the jurisdiction of the Court and the objection that the complaint does not state facts sufficient to constitute a cause of action. (Practice Act, Secs. 41 and 45.) Sections forty-one and forty-five of the Act are to be read in conjunction. To give unqualified force and effect to the former without regard to the excepted objections specified in the latter, would be to abrogate an important provision of the statute. This we have no right to do, and hence we hold the objection taken by demurrer to the complaint that it does not state facts sufficient to constitute a cause of action, to be well and sufficiently assigned in the language of the statute.

### *Reformation of a deed in equity.*

The plaintiffs ask in the first place for a decree reforming the deed executed by them and the defendants Brockman and Charles Hebrard, on the ground that it does not express the conditions which the grantors and Snyder agreed upon at the time it was executed, and it is claimed on their part that the case stated in the complaint is one in which the Court is authorized to exercise jurisdiction to compel that to be done which originally ought to have been done. We need not enter upon a detail of the nature or quality of the accidents, mistakes and frauds which will be deemed sufficient to authorize a Court of equity to decree a recision, cancellation or reformation of a deed. It is a well established doctrine of equity pleading that a general charge of accident, mistake or fraud is insufficient; though a plaintiff is not bound to set forth in his complaint all the minute facts constituting the grievance of which he complains. General certainty in these matters may be all that is required, still the facts constituting the fraud, where fraud is relied on as authorizing the interposition of the Court, must be charged in the complaint. Within the last few years there has been considerable discussion in the English equity Courts in regard to the extent to which the facts constituting a fraud should be detailed in the bill of

85

complaint. In a recent case it was held that an allegation of fraud was not sufficient, without a statement of the circumstances constituting the fraud. Fraud, it was said, 'is a conclusion of law, and it is not enough to allege that a deed has been attained by fraud, unless the things done constituting the fraud are stated on the face of the bill. (Eq. Plead., Redfield's Ed., 251*a*.) The case of *Bryan* v. *Spruill*, 4 Jones' Eq. R. 27, accords with this doctrine; in which it is also held that a demurrer will not cure such defective averment. A demurrer admits only such facts as are sufficiently pleaded.

The complaint in this case does not state any facts and circumstances of fraud which were practised by either of the defendants Snyder or Frazier, to induce the plaintiffs, with their co-grantors, to execute the deed to Frazier; nor does it state any facts or circumstances of fraud by which the conditions which, if incorporated in the deed, would have constituted it a deed of trust, were omitted therefrom. The plaintiffs say the deed does not express the conditions and trusts upon which it was agreed the property should be transferred, but that such conditions were by the defendants Snyder and Frazier "fraudulently suppressed." What was done by these defendants to prevent the embodying of these conditions in the deed or to suppress them is not stated, and therefore the complaint must be held to be as destitute of allegations of fraud as if it was entirely silent on the subject. (*Kinder* v. *Macy*, 7 Cal. 206; *Semple* v. *Hagar*, 27 Cal. 166.)

The views which we entertain of the complaint and which we have above expressed render it unimportant to say anything respecting the other points raised by the demurrer. We are of the opinion the complaint is insufficient on the ground considered, and that the judgment should be affirmed.

Judgment affirmed.

By the Court, SAWYER, J., on petition for rehearing:

In the fifth point of the petition for rehearing, the appellants insist, firstly, that their complaint discloses a trust in the

nature of a security, and that parol testimony would be admissible to show that the conveyance, absolute on its face, was nevertheless intended as a security; secondly, that the interest conveyed is not an interest in land, and therefore not within the sixth section of the Statute of Frauds. Concede both points for the purposes of the argument and the defect in the complaint is not obviated. The appellants do not pretend that there was in fact a parol trust—that the trusts were not intended to be disclosed by the conveyance. On the contrary, they say that it was intended to, put the entire agreement in writing. The deed of conveyance was to cover the entire ground and be the evidence of the trusts, as well as of the conveyance; but that the trusts were suppressed by the defendants, and the agreement is not the agreement entered into and designed to be put in writing. They rely upon a fraudulent suppression of a part of the agreement, and not upon a parol trust. It is sought to reform the instrument and then enforce it as reformed. The fraud in suppressing a part of the contract is the entire gravamen of the action, and we are clearly of the opinion that the facts constituting the fraud are not sufficiently stated. The whole averment as to the fraud consists in stating that the name of the true party and the conditions and trusts are not expressed in the written contract set out, "but instead thereof the said conditions were by the said defendants, A. J. Snyder and Daniel Frazier, fraudulently suppressed." Such a general averment of fraud does not disclose the facts which constitute the cause of action.

It is unnecessary to again discuss the other points made in the petition for rehearing; our former opinion fully covers them.

Rehearing denied.