No. 1,999.

JOHN CAPURO, APPELLANT, *v.* THE BUILDERS' INSURANCE COMPANY, RESPONDENT.

PLEADING. — FRAUD. — When a party relies upon fraud, either to support his cause of action or in defense, he must set up the facts which constitute the fraud.

IDEM. — INSTRUCTIONS BY THE COURT. — In an action on a policy of insurance, to recover for a loss occasioned by fire, if the question whether the plaintiff caused the building to be burned was not one of the issues made by the pleadings, it is error for the Court to instruct the jury they could find against the plaintiff on that ground.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The case is stated in the opinion of the Court.

*Barstow & Tompkins*, for Appellant.

We understand the rule to be : *First*—That when fraud is relied upon as a defense, the burden of proof is upon the defendant to establish it; and, in this respect, we make no objection to the charge, for so the jury were instructed by the Court.

*Second*—That fraud is, to some extent, at least, a conclusion of law, and that a mere general allegation of fraud in a pleading is not sufficient, but the specific acts constituting the fraud must be set out.

*Third*—It follows as a necessary corollary that only such acts of fraud as are specifically pleaded can be properly left to the consideration of a jury. (*Gushee* v. *Leavett*, 5 Cal. 160; *Castle* v. *Bader*, 23 *Id.* 75 ; *People* v. *Supervisors*, 27 *Id.* 656; *Sample* v. *Hagar*, 27 *Id.* 163 ; *Gifford* v. *Carrill*, 29 *Id.* 589 ; *Kent* v. *Snyder*, 30 *Id.* 666.)

*Byrne & Freelon*, for Respondent.

TEMPLE, J., delivered the opinion of the Court:

This action is brought upon a policy of insurance, and the answer, after denying most of the allegations of the complaint, sets up four distinct charges of fraud, but does not charge the plaintiff with having caused the property to have been burned.    On the trial, evidence was introduced by the defendant, which, as is claimed by defendant's counsel, tends to prove this fact.    The evidence had no necessary or obvious tendency to establish such a charge, and may well have been permitted to come in without objection from plaintiff on that ground.

The Court, at request of defendant and against the objection of plaintiff, instructed the jury, among other matters, in substance, that "if the plaintiff was in any way instrumental in causing the buildings to be burned, they should find for the defendant."

It is claimed that the instruction was erroneous; that no such issue was made by the pleadings.

The rule is, undoubtedly, as stated by appellant, that when a party relies upon fraud, either to support his cause of action or in defense, he must set up the facts which constitute the fraud. (*Kent* v. *Snyder*, 30 Cal. 666.)

It follows, as a necessary consequence of that proposition, that he can prove only those facts which he has set up. Of course he is not required, by the rule, to allege with minuteness all the particulars and circumstances which constitute the evidence of the alleged fraud, but he must make the charge with sufficient distinctness to enable his adversary to come prepared with his evidence upon the general questions of fraud which will be raised.

In this case, the question whether plaintiff caused the building to be burned, was not one of the issues made by the pleadings, and it was, therefore, error to instruct the jury that they could find against the plaintiff on that ground: The denial that the plaintiff had given a correct account of how the fire originated, even if it authorized evidence to show that the fire commenced in the inside of the building; instead of on the outside, as plaintiff had reported, gave no intimation to the plaintiff that he was charged with having started the fire himself.

Order reversed and a new trial ordered.