[No. 3,371.]

MARGARET BRENNAN *v.* CHARLES FORD AND LUCIUS SANBORN.

| 46 | 7 |
|----|----|
| 77 | 336 |
| 46 | 7 |
| 85 | 132 |
| 46 | 7 |
| 91 | 421 |
| 46 | 7 |
| 99 | 659 |
| 46 | 7 |
| 116 | 59 |

OFFICE OF A DEMURRER.—It is not the office of a demurrer to set out facts. All the facts involved in a demurrer are those alleged in the pleading demurred to, and the demurrer merely raises a question of law as to the sufficiency of those facts.

FORM OF DEMURRER.—An allegation in a demurrer, "that it appears by the complaint that the cause of action is barred by the Statute of Limitations," is sufficient in form to raise the question of law as to whether the alleged cause of action is barred by the statute.

TIME OF PERFORMING AN AGREEMENT. — When the terms of an agreement do not limit the time within which it is to be performed, the law implies that it is to be performed immediately, or, at most, within a reasonable time.

ALLEGATION OF AN AGREEMENT IN PLEADING.—When a pleading alleges an agreement to have been entered into by parties, but does not aver

whether it was verbal or in writing, the presumption, on demurrer, is that it was in writing.

LIMITATION OF ACTION AS TO CONVEYANCE OF LAND. — When two parties enter into a contract for an exchange of lands, the facts, that one of the parties has performed on his part by conveying the land which he agreed to convey in exchange for the tract to be conveyed by the other, and that the grantee has entered into possession and sold portions of the land thus conveyed, do not prevent the Statute of Limitations from running as to the right of the party who has performed, to a conveyance from the other.

ALLEGATION OF POSSESSION OF LAND IN PLEADING. — An allegation in a complaint, that the plaintiff "assumed to and did exercise acts of control over and possession of portions" of a tract of land, is not equivalent to an averment that the plaintiff had actual possession of the tract of land, or any part of it.

PERFORMANCE OF MUTUAL CONTRACTS. — When a contract for the mutual exchange of lands does not contain a provision from which it can be inferred that one conveyance was to precede the other, the law implies that the conveyances are to be made concurrently, and the mutual covenants of the parties are dependent.

LIMITATION OF ACTIONS WHEN COVENANTS ARE DEPENDENT. — When mutual agreements to convey lands are to be performed concurrently, the Statute of Limitations does not commence running until one party has performed by delivering a deed, or has offered to perform by making a tender.

STATUTE OF FRAUDS. — An agreement in writing for a mutual conveyance of lands in exchange, is not void under the Statute of Frauds.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Cruz.

The complaint alleges that in October, 1873, James Brennan owned the "thousand-acre tract," being a part of the Rancho Corralitos, and that defendant, Ford, at the same time owned an undivided one thirteenth of the Rancho San Andreas, and that said Brennan then made an agreement with said Ford by which said Brennan was to sell and convey to said Ford the undivided half of said "thousand-acre tract," and said Ford was to sell and convey to said Brennan the undivided half of said one thirteenth of said Rancho San Andreas, and that immediately after the agreement said Brennan delivered to said Ford possession of the undivided half of the "thousand-acre tract," and that Ford, and those

to whom he had sold, still retained possession of the same. That said Brennan and Ford, in 1864, jointly sold to third parties about six hundred acres of the "thousand-acre tract," and divided the purchase money equally between them, and that Ford, in 1865, sold and conveyed an undivided half of his interest in the "thousand-acre tract" to defendant Sanborn, and that Sanborn bought with full notice of the agreement of 1863, and that said Brennan, July 1st, 1868, deeded to the plaintiff his interest in the agreement and in the undivided one thirteenth of the San Andreas Rancho, and that the plaintiff, in November, 1868, demanded of the defendants a conveyance of said interest in the San Andreas Rancho, and the defendants refused to make it. The complaint was filed December 7th, 1870.

The other facts are stated in the opinion.

*C. B. Younger*, for Appellant.

The Statute of Limitations is not properly pleaded, and the question of the bar of plaintiff's remedy is not presented by the demurrers, except by way of argument. The Practice Act requires the grounds, not the causes of demurrer to be stated "without regard to where or in what pleading the objection is interposed." (*Brown* v. *Martin*, 25 Cal. 89.) Whether the benefit of the statute is claimed by demurrer or answer, the form of pleading it is the same. (Ib.) To be available, the plea must aver the facts which bring the demand within the operation of the statute, as that the alleged cause of action has not accrued within certain designated years previous to the filing of the complaint. (*Caulfield* v. *Saunders*, 17 Cal. 570.) The facts, not conclusions of law, should be stated. (*Tunnel Company* v. *Stranahan*, 31 Cal. 393.) The general ground of demurrer, that the complaint does not state facts sufficient, does not present the

question of the Statute of Limitations.  (*Slattery* v. *Hall*, 43 Cal. 191; *Kent* v. *Snyder*, 30 Cal. 672; *Brown* v. *Martin, supra.*)

The statute, if it runs against such an agreement, did not commence until the demand on defendants for a deed. (*Dodge* v. *Clark*, 17 Cal. 586; *Miles* v. *Thorne*, 38 Cal. 335.) The demand for a deed was made on November 14th, 1868, and defendants then refused to execute it.   Until this demand was refused, there was nothing to indicate that defendants did not intend to  fullfil the engagement.   (*Miles* v. *Thorne, supra; Ord* v. *De La Guerra, supra*; *Schroder* v. *Johns*, 27 Cal. 274.)

By accepting, on January 31st, 1867, from Brennan, a deed, wherein was recited that they were to convey to him the interest in the San Andreas ranch in consideration of the conveyance to them of the half of the "thousand-acre tract," defendants recognized the agreement as then existing, and binding on them, and they cannot avail themselves of the Statute of Limitations.   (*Millard* v. *Hathaway*, 27 Cal. 120; *Simpson* v. *Eckstein*, 23 id. 594.)   The recital in the deed from Brennan to defendants that they were to convey to him the interest in the San Andreas ranch, is evidence of that fact against them, and all persons claiming under them, without further proof thereof by Brennan or his grantee.   (*Torry* v. *Orleans Bank*, 9 Paige, 659; *Lewis* v. *Covillaud*, 21 Cal. 178.)   Besides, if there is any section of the statute which applies to actions of this character, it is the nineteenth, which prescribes four years.   (*Dodge* v. *Clark*, 17 Cal. 586; *Miles* v. *Thorne*, 38 id. 335.)

*William Irvine*, for Respondents.

No trust could arise upon the averments of the complaint. Ford did not take or acquire any interest in the San Andreas Rancho, under or pursuant to the alleged agreement, but was the owner of the one thirteenth interest therein when

this agreement was made.    ( Tiffany & Bullard's Law of Trusts and Trustees, pp. 20, 22, 23, 28, 31.)

If such a trust did arise upon the entering into the agreement, then it is barred by the Strtute of Limitations; or, if it arose upon the sales of the several portions of the Brennan interest in "the one thousand-acre tract," in 1864, and the division of moneys received from such sales between Brennan & Ford, then it is also barred by the statute. (Tiffany & Bullard's Law of Trusts and Trustees, p. 717.)

The rule there laid down is, "that the statute will commence to run against the *cestui que trust* from the period at which he could have vindicated his right by action or otherwise, which, in equity, is considered to be when he has, or with reasonable diligence could have, made himself acquainted with his rights."

Whether the agreement was in writing or by parol is alike immaterial as affecting the question of a trust, or the bar of the Statute.    If a written contract, it is seen that no express trust was created by its terms; and, whether written or verbal, it was barred by the statute before this action was commenced.

There is no materiality or pertinency in the matters alleged in the complaint as showing performance of the agreement by James Brennan on his part, with reference to the matter of a trust.    If he had gone into actual possession of the lands of the "San Andreas" upon entering into the agreement with Ford, and retained possession, asserting his right to a conveyance, the statute would not have run against his right to have specific performance.    But no such showing is made.    The claim of the plaintiff to have specific performance is based solely on the allegations that James Brennan performed the contract on his part, and thereby, it is assumed, he acquired the equitable title to the interest in the lands that Ford agreed to convey to him, and to which the latter had the legal title at the date of the agreement, and

which he has ever since held, and now asserts against any right of the plaintiff. (*Traphagen* v. *Traphagen*, 40 Barb. R. 537; *Bennett* v. *Abrams*, 41 id. 619.)

By the Court, CROCKETT, J.:

This action is to enforce the specific performance of a contract for the conveyance of land, and a demurrer to the complaint having been sustained, final judgment was entered for the defendants, from which the plaintiff appeals.

The objection that the defense of the Statute of Limitations set up in the demurrer is not well pleaded in point of form, is not tenable. The demurrer in this respect is not obnoxious to the objection commented upon in *Brown* v. *Martin*, 25 Cal. 89, and *Kent* v. *Snyder*, 30 Cal. 672. The point decided in these cases was that the defense of the Statute of Limitations cannot be raised by demurrer under the general ground that the complaint does not state facts sufficient to constitute a cause of action, but must be specially set up and relied upon. The demurrer in this case conforms to this requirement, and specially sets up the statute as a defense. Nor is it defective under the ruling in *Caulfield* v. *Saunders*, 17 Cal. 571, in which it is held that a *plea* that the items of the account sued upon are "barred by time, and he pleads and relies upon the statute of the State of California entitled 'An Act defining the time of commencing civil actions,' approved April 22d, 1850, in bar of any recovery in said action," is fatally defective, as stating only a conclusion of law.

The Court says: "To be available, the plea must aver the facts which bring the demand within the operation of the statute, as that the alleged cause of action has not accrued within certain years previous to the filing of the complaint." But it is not the office of a demurrer to set out facts. On the contrary, all the facts involved in a de-

murrer are those alleged in the pleading demurred to, and the demurrer merely raises a question of law as to the sufficiency of the facts to constitute a cause of action or a defense. The demurrer in this case is, therefore, sufficient in form.

The grounds of demurrer are: "First, that it appears by the complaint that the cause of action is barred by the Statute of Limitations. Second, that the complaint does not state facts sufficient to constitute a cause of action, in this: 1, that the alleged agreement is within the Statute of Frauds; 2, that there are no sufficient allegations of part performance to give jurisdiction to a Court of equity to grant relief; 3, that the terms and conditions of the alleged agreement are uncertain; 4, that the plaintiff has adequate remedy at law. Third, that there is a defect of parties plaintiff and defendant. Fourth, that the Court has no jurisdiction of the subject matter.

The defense founded on the Statute of Limitations will be first considered. The agreement on which the action is founded was entered into in the year 1863, and as no time was limited within which it was to be performed, the law implies that it was to be performed immediately, or, at most, within a reasonable time. This action was commenced in the year 1870; and it does not appear from the complaint whether the agreement was verbal or in writing. But on demurrer, we shall consider it to have been in writing. (*Miles* v. *Thorne,* 38 Cal. 335.) In order to avoid the bar of the statute, the plaintiff alleges, first, that her grantor (with whom the contract was made) has fully performed it on his part by conveying the tract which he agreed to convey, in exchange for the tract to be conveyed by the defendants, and that the defendants entered into the possession of the tract so conveyed, and have sold portions thereof; second, that in the year 1868 a demand for a conveyance by the defendants was made, and they then refused,

for the first time, to make it; third, that in the year 1867 the plaintiff's grantor, at the request of the defendants, and in execution of the agreement on his part, and "in consideration that said defendants would convey to said James Brennan (plaintiff's grantor) the undivided half of one thirteenth part of said Rancho San Andreas, did grant, sell, and convey to said defendants, by particular description, the undivided half of said 'thousand-acre' tract of land;" fourth, that in the expectation that the defendants would convey to him the interest in the Rancho San Andreas, which they agreed to convey, said James Brennan "assumed to and did exercise acts of control over and possession of portions of said Rancho San Andreas, and claimed to be the owner of one undivided half of one thirteenth part thereof under said agreement." The facts stated in the first point do not take the case out of the bar of the statute; and the authorities cited in support of it have no reference to a defense founded on the Statute of Limitations. The three remaining points will be considered together. In the carefully considered case of *Love* v. *Watkins*, 40 Cal. 547, we held that in an executory contract for the sale and conveyance of land, if the vendee has been let into the possession, and has paid the purchase money, he thereby becomes the equitable owner, for whom the vendor holds the naked, legal title in trust, and that whilst he remains in possession, with the acquiescence of the vendor, the Statute of Limitations does not run against him. In the case at bar it is conceded by counsel that if James Brennan had fully performed the agreement on his part, and had entered into and continued in possession of the Rancho San Andreas under his contract of purchase, the Statute of Limitations would not bar an action to compel a conveyance of the legal title. But there is no sufficient averment in the complaint that he ever entered into the possession. The allegation that he "assumed to and did exercise acts of control over and posses-

sion of portions of said rancho," cannot be considered, on the most liberal construction, to be equivalent to an averment that he had the actual possession of the rancho, or any part of. it. If he felled a tree or erected a rod of fence on the land, this would fulfill the averment that he exercised "acts of control over and possession of portions of said rancho," but would fall far short of the actual possession of the land in a legal sense. We must assume, therefore, for the purposes of this decision, that Brennan never had the possession. But the complaint avers that in 1867 (less than four years before the commencement of the action), at the request of the defendants, and in execution of the agreement, in consideration that the defendants would convey to him the stipulated interest in the Rancho San Andreas, he conveyed to them the tract which he had agreed to convey in exchange for the undivided interest in San Andreas. This was a complete execution of the agreement by Brennan on.his part; and if performance, or a tender of performance, by him, was a condition precedent to the right to demand a conveyance from the defendants, it results that his cause of action did not accrue until one or the other of those events happened. There is no averment that he tendered a conveyance to the defendants at any time prior to January 31st, 1867, when he delivered to them the deed of that date; and we must assume that the contract was completely executed by him by the delivery of that deed. Whether a complete performance or tender by him was a condition precedent to his right to demand a deed from the defendants must depend upon the question whether the mutual conveyances were intended by the contract to be concurrent acts. It is not so expressly averred in the complaint, which states the contract in these words: "That said James Brennan would sell and convey the undivide.: half of said ' thousand-acre tract' to said defendant Ford, and that in consideration thereof said defendant Ford would and

should sell and convey to said James Brennan the undivided half of one thirteenth part of said San Andreas Rancho."

No time was stipulated for the performance of these acts, nor is there any provision from which it can be inferred that one was to precede the other. In such cases the law implies that they are to be performed concurrently. In the *Bank of Columbia* v. *Hagner*, 1 Pet. 455, it is said that "in contracts of this description the undertakings of the respective parties are always considered dependent unless a contrary intention clearly appears. A different construction would, in many cases, lead to the greatest injustice, and a purchaser might have payment of the purchase money enforced upon him and yet be disabled from procuring the property for which he paid it." (See, also, *Hill* v. *Grigsby*, 35 Cal. 662, and cases there cited.)

Treating the mutual covenants of the parties in this case as dependent, Brennan's right to demand a conveyance from the defendants accrued on the delivery by him of his deed on the 31st of January, 1867, and assuming the agreement to have been in writing, as we must do on demurrer to the complaint, the cause of action was not barred at the commencement of the action, nor, for the reason just stated, was the contract void under the Statute of Frauds.

We deem it unnecessary to notice the other grounds of demurrer, except to say that, in our opinion, none of them are tenable.

Judgment reversed and cause remanded, with an order to the Court below to overrule the demurrer.

Mr. Justice RHODES did not express an opinion.