Beck, J.
This record presents the question whether the remedy provided by the Code of Civil Procedure for reaching money or property of a judgment debtor in the hands of other persons, was designed to be an exclusive remedy, or whether a bill in equity, in the nature of a creditor’s bill, may be still maintained. The provisions of our Code upon this subject, are almost a literal transcript of the provisions of the Code of California on the same subject, and are similar to the provisions of the Codes of Wisconsin and New York. In California it is held that the remedy was intended as a substitute for a creditor’s bill. Adams v. Hackett, 7 Cal., 187; McCullough v. Clark, 41 Cal., 298. In Wisconsin the Code remedy is held to constitute the only manner of obtaining the relief formerly had under a creditor’s bill. Graham et al. v. LaCrosse & Milwaukee Railroad Company, 10 Wis., 459. In New York the courts say that the proceedings supple *61 mentary to execution provided by the Code, are a substitute for the creditor’s bill as formerly used in chancery—Lynch v. Johnson, 48 N. Y., 27—but appear to sustain the remedy by creditor’s bill also, on the ground that it was given by statute, and the statute has not been repealed. Catlin v. Doughty, 12 How. Pa., 458.
In this state also, we had a statute specially authorizing a creditor’s bill. Its purposes were to compel the discovery of property or things in action belonging to the judgment debtor, or held in trust for him, and to prevent the transfer of property, money or things in action, or the payment or delivery thereof to the debtor, and to require their application to the satisfaction of the judgment against him. R. S., p. 98. The statute was expressly repealed upon the adoption of the Code, and the latter act appears to contain provision for all the relief which was contemplated by the creditor’s bill. This action on the part of the legislature indicates a purpose not merely to provide a substitute for the former proceeding, but to make the new system the exclusive remedy.
That a common law remedy cannot now be maintained to obtain relief in cases where a special proceeding is provided by the Code for the same object, was decided by this court in the case of the Atchison, Topeka & Santa Fe Railroad Company v. Attorney General, at the October term, 1879. It was there attempted to pursue the remedy by information in the nature of a quo war-ranto as at common law, for the alleged usurpation or misuse of a franchise, notwithstanding the repeal of the statute on the subject of quo warranto and the substitution of chapter 25 of the Code, concerning “actions for the usurpation of an office or franchise.” This court, in a carefully prepared opinion, held the Code remedy to be exclusive. The reasoning by which this result is reached is applicable to the question presented in this case, and the decision is an authority in support of the conclusion reached in this case, viz: That since the adoption of the Code, remedies therein provided for subjecting the property and choses in action of a judgment debtor to execution, must be pursued whenever adequate for the purpose, and that a bill in the nature of a creditor’s bill cannot be maintained in such cases.
Counsel insist that the remedy is not adequate in the present instance; also, that the proceeding here is not merely a creditor’s bill, but a bill to enforce a trust, which object cannot be accom *62 plished by the statutory proceeding in force. The cases which held that a trust fund cannot be reached by proceedings supplementary to execution, are cases where the trust was created by some person other than the judgment debtor. They are generally cases where property or funds have been bequeathed by will to an executor or trustee, who was directed by the will to apply the increase to the support of the cestui qiw trust. In such case it is held that the fund itself cannot be reached by the creditor by any process; for it is within the exception of the statute which exempts from the claims of creditor’s property held in trust for the debtor, where the trust has been created by and the fund so held in trust, has proceeded from some person other than the debtor himself. It would seem from the authorities on this point that the surplus of such fund, above the amount necessary for the support of the cestui que trust may be reached by bill in equity, but not otherwise. Graff v. Bennett, 31 N. Y., 9; Campbell v. Foster, 35 N. Y., 361; Lock v. Mabbett, 2 Keyes, 457.
The point is not well taken, however, in this case, for the trust here was created by the debtor himself, and the fund sought to be reached has arisen from the sale of his own property. The bill shows that the trustees sold the property and executed to the purchasers a deed of the premises sold, and that he has not paid any portion of the purchase money, but the same remains still due and unpaid. The purchaser was entitled to retain from the purchase money the amount due him from Langrishe, the judgment debtor, and it was his duty to pay the balance over to the trustee. This he has failed to do, which constitutes the unexe-cuted portion of the trust; nothing now remains but the payment of the surplus.
The fact that this surplus is a trust fund interposes no obstacle in subjecting it to the satisfaction of the judgment under the Code proceedings. The promise of Michael D. Clifford to pay the same, made to the trustee at time of sale, constitutes a simple contract with the trustee for the benefit of the cestui que trust. Langrishe being the beneficiary might, under the authority of Lehow v. Simonton et al., 3 Col., 346, maintain an action at law in his own name against Michael D. Clifford for its recovery; and if this be so, it is equally within the reach of his judgment creditor by statutory proceedings.
*63 Another objection urged against the statutory remedy is, that the judgment debtor is a non-resident. of the State, and it is asserted that unless he be brought in, and jurisdiction be acquired over him, his debtors cannot be required to answer concerning their indebtedness to him. Counsel argue that section 224 oi the Code is in aid of the other provisions of the chapter, and can only be used in connection with them. These propositions are untenable. Sections 222 and 224 of our Code correspond to sections 292 and 294 of the New York Code, and it is there held that proceedings under these sections are entirely independent of each other, and one may be instituted and maintained with the other. 4 Wait’s Prac., p. 131. The same authority holds that no notice to the judgment debtor is necessary in proceedings instituted under section 294. It is true that section makes the matter of notice discretionary with the judge; but section 224 of our Code contains no requirement upon that subject, and upon principle, as well as upon authority, the debtor must be regarded as in court for the purpose of proceedings under this section. Jurisdiction being acquired over him in the original action, that action is considered as still pending so long as the judgment remains unsatisfied. Proceedings to compel the application of money or property in the hands of other parties, to the satisfaction of the judgment, are proceedings in the action. 4 Wait’s Prac., p. 128.
The point is raised that the action is barred by the statute oí limitations, and this question is discussed in the briefs of counsel. We do not consider that this question was properly raised by the demurrer. This defense is in the nature of a special privilege and is not available under the general objection that the complaint does not state facts sufficient to constitute a cause of action. The defense must be plead specially, whether the pleading be by demurrer or answer. Brennan v. Ford, 46 Cal., 7; Brown v. Martin, 25 Cal., 82; Jackson, 28 Cal., 107.
The demurrer was properly sustained.

Judgment affirmed.