## THOMASON v. DE GREAYER et al.

### No. 14,802; November 30, 1892.

#### 31 Pac. 567.

**Reformation of Contract.—In an Action to have His Name In**serted as one of the parties to a contract ·between defendant D. and defendant corporation, plaintiff alleged that his name was omitted through the fraud practiced by D. on the corporation and on plaintiff. Held, that the allegations were insufficient to sustain the action, since no facts constituting the fraud were set up.

**Partnership—Breach of Agreement—Remedy.—**Where two persons agreed to form a partnership for doing certain work before any contract for doing the work was obtained, and the partnership was never launched, and one of the parties carries on the work alone, the only remedy of the one excluded is an action at law for breach of contract. Powell v. Maguire, 43 Cal. 16, followed.

APPEAL from Superior Court, City and County of San Francisco.

Action by E. R. Thomason against Harry de Greayer and the Ferries and Cliff House Railway Company, a corporation, to reform a contract. From a judgment entered on an order sustaining defendants' separate demurrers to the complaint, plaintiff appeals. Affirmed.

J. C. Bates for appellant; Parker & Eells for respondents.

BELCHER, C.—In July, 1891, the defendant De Greayer entered into a contract with the defendant corporation to pave with basalt stone blocks about five miles of the corporation's track in the city and county of San Francisco. On the 4th of August, 1891, De Greayer commenced doing the work which he had contracted to perform, and continued the same up to September 2d, when the plaintiff commenced this action, asking to have the "contract reformed by inserting his name as one of the contracting parties therein." The defendants demurred separately to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrers were sustained and the action dismissed. The plaintiff appeals from the judgment entered against him.

The demurrers were properly sustained. The facts stated in the complaint were insufficient in several respects.

1. The averments that "said De Greayer, by fraud, deceit, and misrepresentations, omitted to have the plaintiff's name inserted in the contract with said corporation defendant for said work," and "that such omission was done through the fraud, deceit, and trickery practiced by said De Greayer on said corporation defendant and said plaintiff, and by mistake of said corporation," were not sufficient. The rule is that when a party relies upon fraud, either to support his cause of action, or in defense, he must set up the facts which constitute the fraud. "It is a well-established doctrine of equity pleading that a general charge of accident, mistake, or fraud is insufficient, though a plaintiff is not bound to set forth in his complaint all the minute facts constituting the grievance of which he complains. General certainty in these matters may be all that is required, still the facts constituting the fraud, where fraud is relied on as authorizing the interposition of the court, must be charged in the complaint": Kent v. Snyder, 30 Cal. 674; Capuro v. Insurance Co., 39 Cal. 123; and see cases cited on this point in Spring Valley Water Works v. City of San Francisco, 82 Cal. 321, 16 Am. St. Rep. 116, 6 L. R. A. 756, 22 Pac. 910, 1046. Here no facts constituting the alleged fraud were set forth, and the complaint, therefore, failed to state the cause of action.

2. It is alleged that the terms of a copartnership between plaintiff and De Greayer, to do the work of paving, etc., five miles of track for said corporation, were "fully agreed upon" by the parties; but this was before any contract was obtained, and the partnership, therefore, was never "launched." This being so, the rule declared in Powell v. Maguire, 43 Cal. 11, is applicable. It is stated in the syllabus as follows: "When two persons made an agreement to form a partnership, but such partnership was never launched, and one of the parties proceeded to conduct the enterprise in his own name, at his own cost, and for his exclusive benefit, excluding the other, and repudiating the partnership agreement, held, that an action by the latter to establish his right as a partner, and for an accounting, would not lie; his only remedy in such case being an action at law for breach of contract."

The above disposes of the case, and it is not necessary to consider other points.   We advise that the judgment be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.