### No. 9682.

### MCMILLEN *v*. YOST.

Decided Jan. 10, 1921.

Motion that a judgment be declared a lien on money belonging to defendant in possession of sheriff.  Motion denied.

### *Reversed.*

1. EXECUTION—*Levy on money.*  Money may be levied upon under a writ of execution and shall be returned by the officer making such levy as so much money collected without sale.

2. JUDGMENT AND EXECUTION—*Money of Defendant in Possession of Officer—Procedure.*  Where a defendant is taken into custody by the sheriff under a body judgment and he turns over to the officer for safe keeping money then in his possession, the proper procedure by the judgment creditor to secure the application of such money to the payment of his judgment is by motion, which is a proceeding in the action.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. B. C. DURALL, Mr. C. S. ESSEX, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

The plaintiff in error in an action in tort, obtained judgment against the defendant in error in the sum of ten thousand dollars. The judgment was based upon a verdict of the jury under instructions of the court finding $5,000 as actual and $5,000 as exemplary damages. Judgment of Imprisonment was entered and the defendant taken into custody by the sheriff.

At the time of his arrest the defendant had in his possession the sum of $250 in money which was taken into possession by the sheriff for safekeeping. Later, and upon the request of the defendant and upon the execution and delivery to the sheriff of an indemnity bond, the sum of money so taken from the defendant was delivered to a third person. Thereafter, the plaintiff filed his motion in the District Court reciting the facts above stated; and that the defendant was wholly insolvent, praying the court for a finding that the judgment was a first lien upon the said sum of money and directing the sheriff to pay the amount into court to be applied upon said judgment. This motion was denied. Neither the defendant nor the sheriff resisted the said motion in the trial court and neither has appeared in this court.

Money may be levied upon under a writ of execution and shall be returned by the officer making such levy as so much money collected without sale. Rev. Stat. 1908, Sec. 3615.

The motion of plaintiff was the proper procedure and was a proceeding in the action. *Hexter v. Clifford,* 5 Colo. 168.

The money was in possession of the sheriff when the plaintiff demanded that he make the levy. No other person than the defendant claimed title to it. It was the duty of the sheriff to have complied with the statute above cited.

The judgment is reversed with instruction to the trial court to sustain plaintiff's motion, and to enter an order

requiring the sheriff to pay the money into court to be .
applied upon the judgment.

MR. JUSTICE DENISON and MR. JUSTICE BURKE concur.