[No. 6051.]

# THE FARMERS' AND MERCHANTS' BANK OF LOS ANGELES v. JOHN G. DOWNEY.

CORPORATION — RELATION BETWEEN DIRECTORS AND STOCKHOLDERS. — The directors of a corporation act in a fiduciary capacity, and are *trustees* of the stockholders.

SAME—EQUITY FORBIDS EXTRA PROFIT.—Courts of Equity will not permit them, in the exercise of their duties as directors, to make a profit for themselves to the exclusion of the other stockholders.

ILLEGAL PROFIT OF DIRECTOR. — Where a director of a bank loaned the moneys of the bank, and took from the borrowers a note, running to the bank, for the principal sum loaned, at a rate of interest therein stipulated, but at the same time, and as part of the same transaction, made an agreement with the borrowers that they should permit him to participate with them in the profits of a purchase and sale of certain lands: *held*, that the Director could not be permitted to retain for himself the profits thus contracted for, but must surrender them to the bank to be participated in by all the stockholders.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

The facts appear in the opinion.

*Brunson, Eastman & Graves,* and *John R. McConnell,* for Appellant.

*Glassell, Chapman & Smiths,* and *Thom & Ross,* for Respondent.

By the Court, Wallace, C. J.:

The complaint filed in this action seeks to charge the defendant, John G. Downey, as trustee of the plaintiff, touching the benefits secured to the defendant by the terms of a certain contract between the latter and Melchert and Linderfeldt.

The circumstances appearing are that these persons had purchased the "Wilhart Tract" of land, situate in the City of Los Angeles, upon which they had payments to make. They had also agreed to sell a portion of the same tract to the "Pioneer Building Lot Association of East Los Angeles," at a considerable advance upon the price they had agreed to pay to the Wilharts. In order to provide themselves with money to pay to the Wilharts, they applied to Childs, who was one of the directors of the banking corporation, plaintiff here, but without success. At the instance of Melchert and Lindenfeldt, Childs brought the matter to the attention of the defendant, who was another director of the banking corporation, plaintiff here, and at the time acting as its president, and these two agreed to furnish the sum required, upon condition that they should become personally interested in the sale to be made to the Pioneer Building Lot Association, to the extent of one-third of the net profits. The loan was accordingly made, and a note therefor taken, bearing interest at the rate of one and one-quarter per cent. per month, running on its face to the bank, and executed by Melchert and Lindenfeldt as makers. The bank subsequently, and upon ascertaining the existence of this agreement, claimed to be entitled to its benefits, and demanded of Childs and the defendant Downey that they assign to it the agreement, and all benefits derived or to be derived thereunder.

Childs complied with the demand, and executed the required

assignment, but the defendant refused, whereupon this action was brought. The Court below gave judgment for the plaintiff in accordance with the prayer of the complaint, from which judgment, and from an order subsequently entered denying his motion for a new trial, the defendant has brought this appeal.

The controversy between the parties involves the right to the one-sixth of the profits of the land transaction already referred to. These profits constitute the bonus which the defendant attempted to secure to himself to the exclusion of the other stockholders, in making the loan of the money of the bank.

Upon well-settled principles governing Courts of Equity, the defendant cannot be permitted to retain these profits for himself. They constitute part of the consideration which the borrowers paid or agreed to pay in obtaining the loan, and are as clearly the property of the corporation as is the interest accrued and stipulated to be paid on the face of the note itself. In making the loan the defendant was acting as a director — the president—of the corporation, plaintiff here. He was its *trustee.* "The officers and directors of a corporate body  *  *  *  are trustees of the stockholders, and cannot, without being guilty of fraud, secure to themselves advantages not common to the latter." (Bigelow on Fraud, p. 248, and cases cited in note.)

This is the well-settled rule, and the general language of the authorities. In *Kohler* v. *Black River Falls Iron Company,* 2 Black, 721, the Supreme Court of the United States say: " The directors are the trustees or managing partners, and the stockholders are the *cestuis que trust,* and have a joint interest in all the property and effects of the corporation, and no injury that the stockholders may sustain by a fraudulent breach of trust can, upon the general principles of a Court of Equity, be suffered to pass without a remedy."

The law will not permit them to make a private profit for themselves in the discharge of their official duties; and, as observed by the Court of Appeals of the State of New York, in *Bow* v. *Brown,* 56 N. Y. 288, " When agents and others, acting in a fiduciary capacity, understand that these rules will be rigidly enforced, even without proof of actual fraud, the honest will keep clear of all dealings falling within their prohibition,

and those dishonestly inclined will conclude that it is useless to exercise their wits in contrivances to evade it."

Judgment and order affirmed.

Mr. Justice CROCKETT expressed no opinion.