## WOLTERS v. THOMAS.

### No. 18,007; March 10, 1893.

#### 32 Pac. 565.

**Novation.**—S., Being Indebted to Plaintiff, Gave Him a written order on defendant, who was indebted to S.; and plaintiff presented the order to defendant's foreman, who accepted it. Defendant afterward denied the foreman's authority to accept it, but, on being shown it, and told the circumstances, agreed to pay plaintiff whatever should be due S. from him. Held to constitute a novation.[1]

**Limitation of Actions—Pleading.**—Under Code of Civil Procedure, section 458, providing that, "in pleading the statute of limitations, it is not necessary to state the facts showing the defense, but it may be stated, generally, that the cause of action is barred by the provisions of section (giving the number of the section and subdivision thereof, if it is so divided, relied upon)," a plea of the statute of limitations, alleging that a cause of action is barred by Code of Civil Procedure, section 339, is insufficient, since such statute contains several subdivisions.

**Limitation of Actions—Pleading.**—The Objection to the Answer need not be taken by special demurrer for uncertainty.

APPEAL from Superior Court, Placer County; G. G. Clough, Judge.

Action by J. C. Wolters against J. H. Thomas to recover a claim against defendant, alleged to have been assigned to him. From a judgment for plaintiff, defendant appeals. Affirmed.

Goodwin & Goodwin for appellant; C. E. McLaughlin for respondent.

TEMPLE, C.—This appeal is from a judgment, and was taken within sixty days after its rendition. The question

---

[1] Cited and approved in Bank of Yolo v. Bank of Woodland, 3 Cal. App. 567, 86 Pac. 822, and the principle applied to the giving of an order requesting a person to pay to the defendant bank any balance on settlement that might be due the drawer. This order, though not negotiable, ·constituted, it was held, a valid novation, as provided in Civil Code, sections 1530–1532.

presented is whether the trial court erred in overruling defendant's motion for nonsuit. It does not appear that any further evidence was introduced after the motion was made. The complaint shows, by proper averment, that on the nineteenth day of July, 1887, the defendant was indebted to Sing Lee Co in the sum of $432.37, and that Sing Lee Co was indebted to plaintiff in the same amount; that plaintiff agreed with Sing Lee Co to release him from such indebtedness if he would give an order upon defendant for that amount, provided defendant would accept such order; that thereupon Sing Lee Co gave him an order upon defendant, in writing, whereby he requested defendant to pay the amount to plaintiff; that the order was presented to defendant's foreman, who accepted the same in writing, and thereupon plaintiff gave Sing Lee Co credit for that sum on his books; that shortly afterward plaintiff met defendant, and showed him the order, and explained to him all the facts; that defendant said that his foreman had no authority to accept the order, but that it was all right, for whatever sum he owed Sing Lee Co; that subsequently, upon a settlement between defendant and Sing Lee Co, it was found that defendant was indebted to Sing Lee Co in the full amount of the order, and that sum was charged up against Sing Lee Co on account of the order, and is retained by defendant, who has never paid any part of it to Sing Lee Co or to plaintiff, though plaintiff has often demanded the same. The complaint contains many other averments not essential to the determination of this appeal. On the trial the evidence failed to show that the foreman had any authority to accept the order for defendant, and did show that the amount of defendant's indebtedness to Sing Lee Co was only $371.25, instead of $432.37 as alleged. In other respects, the allegations of the complaint were substantially proven, so far as set out above. It also appeared that, before receiving the order from Sing Lee Co, plaintiff called upon defendant's foreman to ascertain the amount due Sing Lee Co, and was informed that the sum was $432.37, and therefore the order was drawn for that sum. The intent was to include whatever was due from defendant to Sing Lee Co. Two points are made by the appellant: The first is that the cause of action alleged is upon a written order, and the evidence does not sustain the allegation. The cause

of action proved, if any, is upon an assignment of an open account. The second, that the action is barred by the statute of limitations.

1. While the complaint sets out a written order, and avers that it was duly accepted by the defendant, it also shows that defendant was at the time indebted to Sing Lee Co, and, upon being shown the order, and told the circumstances, agreed to pay plaintiff whatever should be found due Sing Lee Co. I think a cause of action is stated, aside from the alleged acceptance. The facts would certainly show a contract of novation, if not a cause of action upon the order: See Joyce v. Wing Yet Lung, 87 Cal. 424, 25 Pac. 545.

2. The plea of the statute of limitations is in the following words: "And, as further defense to said action, alleges that the same is barred by the provisions of section 339, Code of Civil Procedure of the state of California." That section reads as follows: "Within two years: (1) An action upon a contract, obligation, or liability, not founded upon an instrument of writing, or founded upon an instrument of writing executed out of the state. (2) An action against a sheriff, coroner, or constable upon a liability incurred by the doing of an act in his official capacity, and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution. But this subdivision does not apply to an action for an escape. (3) An action to recover damages for the death of one, caused by the wrongful act or neglect of another." Section 458, Code of Civil Procedure, provides: "In pleading the statute of limitations, it is not necessary to state the facts showing the defense, but it may be stated, generally, that the cause of action is barred by the provisions of section (giving the number of the section and subdivision thereof, if it is so divided, relied upon)," etc. It is manifest that the answer does not comply with this section. Counsel say that the answer is equivalent to saying that the cause of action is barred by each of the subdivisions contained in the section referred to. But, if this is the effect, it clearly is not a compliance with the statute. Tested by ordinary rules of pleading, the absurdity of this claim is very obvious. It would be an averment, not only in the same defense, but in the same sentence, that the cause of action is founded upon a contract not in

writing, upon a liability incurred by an officer, and that it is an action to recover damages for the death of one, caused by the wrongful act of another. The substituted mode of pleading was allowed to avoid useless prolixity, but was so conditioned as to secure all necessary definiteness in pleading. The rule contended for would nullify these conditions.

Counsel further contend that the objection should have been made by special demurrer, on the ground of uncertainty or ambiguity. But the objection is not that there is uncertainty in the statement of facts, but that no facts are stated. It is only by a compliance with the statute that such a defense can be made without stating facts. That there must be a strict compliance in such cases has often been held: Manning v. Dallas, 73 Cal. 421, 15 Pac. 34; Young v. Wright, 52 Cal. 407; Judah v. Fredericks, 57 Cal. 389.

Counsel say that there are numerous cases in which such pleas have passed here without challenge. The only case cited is Lattin v. Gillette, 95 Cal. 317, 29 Am. St. Rep. 115, 30 Pac. 545. That case discloses no such plea, nor does it contain any language to justify such assertion. An examination of the record in that case shows that the section and subdivision thereof were pleaded. I think the judgment should be affirmed.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.