[Sac. No. 1119.   Department Two.—March 21, 1905.]

## EMMA S. SNEDIKER, Appellant, v. DAVID P. AYERS et al., Respondents.

CORPORATIONS—SUIT BY DIRECTORS ON PURCHASED CLAIMS—PURCHASE OF CORPORATE PROPERTY AT EXECUTION SALE — VALIDITY — GOOD FAITH.—The purchase of the property of a corporation by a minority of its directors, at an execution sale upon a judgment obtained by them upon lawful claims against the corporation bought with their private funds, at full face value, is not presumptively void, and will not be avoided if it appears that such directors acted openly, in good faith, with the knowledge of the plaintiff, and without any fraud or misrepresentation, to protect their own interests against the plaintiff and other shareholders, who had been notified of the financial condition of the corporation, and had failed and refused to contribute to pay its debts, so as to prevent the loss of the corporate property.

ID.—CONSTRUCTION OF CODE—BREACH OF TRUST—RELATION OF DIRECTORS TO CORPORATION — PERSONAL INTEREST — SCRUTINY OF ACTION. — Though section 2230 of the Civil Code, forbidding a trustee to take part in any transaction concerning the trust in which he or one for whom he acts as agent has an interest adverse to the beneficiary, applies to the directors of a corporation, it is not intended thereby, or by any other provision of law, to make a transaction between a director and his corporation, in which he has a personal interest, *ipso facto* void. Such a transaction is subject to rigid scrutiny, and is voidable for any fraud or violation of the duties of their trust on the part of the directors, but it will not be held void, if it is shown that the directors' actions were open and aboveboard, and taken in good faith, without any purpose of fraud.

ID.—AVERMENT OF FRAUD AND COLLUSION—BURDEN OF PROOF—FINDINGS —PRESUMPTION — SUPPORT OF JUDGMENT. — Where the plaintiff averred fraud and collusion on the part of two directors with a trustee holding the title to the corporate property, the burden is upon the plaintiff to prove such averment. Where the findings establish the contrary, and show that the directors did not own a majority interest in the corporation, and did not control the action of the directors, it will be presumed that their votes were not

necessary to the corporate action; and where the findings support the judgment in their favor it will be affirmed.

ID.—VALIDITY OF PURCHASE BY DIRECTOR AS JUDGMENT CREDITOR—DISTINCTION.—It violates no principle of law or equity to permit the judgment creditor, even though he be a director of the debtor corporation, to become a purchaser of the corporate property. Such case is distinguishable from cases where a director, without personal interest in the action, purchases the corporate property under execution sale in a suit of a third party against the corporation.

APPEAL from a judgment of the Superior Court of Nevada County. F. T. Nilon, Judge.

The facts are stated in the opinion.

Frank M. Parcells, for Appellant.

The action by the directors was a breach of trust, which vitiated it. (Civ. Code, secs. 2230, 2234; *Graves* v. *Mono Lake Hydraulic Min. Co.,* 81 Cal. 303; *Chamberlain* v. *Pacific Wool-Growing Co.,* 54 Cal. 103; *Davis* v. *Rock Creek etc. Co.,* 55 Cal. 359;[1] *Wickersham* v. *Crittenden,* 93 Cal. 29; 3 Thompson on Corporations, sec. 4011.) Directors of a corporation cannot purchase its property at execution sale. (*Hoyle* v. *Plattsburgh etc. R. R. Co.,* 54 N. Y. 329; *Hoffman S. C. Co.* v. *Cumberland C. and I. Co.,* 16 Md. 456.[2]) A trustee cannot acquire the title of the beneficiary at a public sale. (*Broder* v. *Conklin,* 121 Cal. 282, 286; *Maryland Fire Ins. Co.* v. *Dalrymple,* 25 Md. 266;[3] *Cumberland Coal and Iron Co.* v. *Parish,* 42 Md. 605; *Colburn* v. *Morton,* 1 Abb. App. Dec. 385; *Valentine* v. *Belden,* 20 Hun, 542; *Lingke* v. *Wilkinson,* 57 N. Y. 457; *Holman* v. *Holman,* 66 Barb. 215; *Fulton* v. *Whitney,* 5 Hun, 19.)

J. M. Walling, for Respondents.

A director of a corporation has the same rights as any other creditor to enforce his debt against the corporation. (*Bonney* v. *Tilley,* 109 Cal. 346; *Twin Lick Oil Co.* v. *Marbury,* 91 U. S. 587; Angell & Ames on Corporations, sec. 390; Morawetz on Corporations, sec. 787.) A director enforcing a debt against the corporation may purchase the corporate

---

[1] 36 Am. Rep. 40.          [3] 89 Am. Dec. 779, and note.

[2] 77 Am. Dec. 311.

property sold to satisfy it. _(Patterson_ v. _Portland Smelt-ing etc. Works,_ 35 Or. 96.)

GRAY, C.—This is an action brought by the plaintiff to recover his interest in a certain mine known as ''The Eagle Bird.'' It is alleged and found that one of the defendants, the Eagle Bird Mining Company (a corporation), and its trustees and agents, Ayers and Underwood, in working and developing said Eagle Bird mine, became legally indebted, and that two of the other defendants, Raeder and Powell, who were directors thereof, bought up the outstanding claims against the corporation, and bringing suit thereon obtained judgment and sold out the mine and the other property of the corporation under execution, and became the purchasers thereof at said sale.

The plaintiff's contention is, that this judgment and sale were fraudulent and void and should be canceled. The judgment was for the defendants, and the appeal is by the plaintiff from said judgment.

The question presented for decision is, Could the directors of the corporation legally purchase with their own funds claims against their corporation and enforce payment thereof by suit and execution sale, purchasing the property themselves at said sale?

It is found as follows: ''Neither Ayers, Raeder nor Powell have been guilty of any fraud or misrepresentations, whatever, nor have they or either of them conspired to defraud plaintiff, or to prevent the development or sale of said mining claims. That at the time of the purchase next hereinafter described, defendants Raeder and Powell were directors of said Eagle Bird Mining Company. The purchase of Raeder and Powell of claims against said 'Eagle Bird Mining Company,' and the taking of assignments thereof to themselves was done by them in good faith and only for the purpose of protecting their interests in said property. That before such purchase was made plaintiff and all others interested, were by the secretary of said corporation, notified in writing of the financial condition of the company; the amount due from each; that if payment was not made the property would be lost and that attachments had been levied upon the property by creditors thereof. Plaintiff failed and refused at all times

to pay any amount whatever to liquidate the company indebtedness. No judgment was obtained by Raeder and Powell, or either of them by collusion. The corporation made default for the reason it had no defense to the action. Ayers was not an officer of and was not a representative of said corporation, except that he held the title to said property in trust for said corporation. Ayers, Raeder, and Powell collectively did not, nor did either of them at any time own a majority of interest in said corporation, nor did said parties or either of them control the board of directors of said corporation. Plaintiff had full knowledge of all proceedings taken by Raeder and Powell against said trustee and said corporation. After a sale of said mining claims under execution was had, and before the period of redemption thereof had expired, a stockholders' meeting was had, at which meeting plaintiff was represented by proxy; at such meeting the condition of affairs of the company was considered, and each party interested was called on to contribute his proportion to redeem said mining claims. Plaintiff failed and refused to do so. That all claims held by Raeder and Powell against said corporation and included in the judgment obtained by them against said corporation were just and legal demands, due and unpaid, and were purchased by said Raeder and Powell at their full face value with their own private funds.''

It is provided by section 2230 of the Civil Code that ''Neither a trustee nor any of his agents may take part in any transaction concerning the trust in which he or any one for whom he acts as agent has an interest, present or contingent, adverse to that of his beneficiary.'' The above section applies to the directors of a corporation, but it was not intended thereby, nor is there anything in any other provision of the law which makes a transaction between a director and his corporation in which the former has a personal interest *ipso facto* void. Such a transaction is subject to rigid scrutiny and is voidable for any fraud or violation of the duties of their trust on the part of the directors. But it will not be held void where it is shown that the directors' actions were open and aboveboard, and taken in good faith without any purpose of fraud. (*Schnittger* v. *Old Home etc. Min. Co.,* 144 Cal. 603, and cases therein cited.)

The plaintiff alleged fraud and collusion on the part of

the directors, and the burden was on him to establish these allegations. The findings show the contrary. The findings also show that Raeder and Powell did not own a majority interest in the corporation and did not control the board of directors. It is fair to presume, therefore, that the action of the corporation in reference to the suit was taken through the directors other than Raeder and Powell, and that the votes of the latter, if they voted at all, were not necessary to the action taken on behalf of the corporation.

In *Bonney* v. *Tilley,* 109 Cal. 346, it was held that a director could recover against the corporation on a note assigned to him the amount which he paid for the note.

It violates no principle of law or equity to permit the judgment-creditor, even though he be a director of the debtor corporation, to become the purchaser at the execution sale of the corporation property. Such a case is distinguishable from those cases where a director, with no personal interest in the action, becomes the purchaser under execution sale in a suit of a third party against the corporation. The findings support the judgment.

We advise that the judgment be affirmed.

Harrison, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     Henshaw, J., Lorigan, J., Angellotti, J.