### YOUNG v. CALIFORNIA STATE BOARD OF PHARMACY et al.

(Circuit Court of Appeals, Ninth Circuit. May 9, 1921.)

No. 3550.

1. **Limitation of actions** &⟶180(5)—**Demurrer that cause of action is barred by statute of limitations is sufficient.**

   A demurrer to a complaint for the stated reason that the cause of action was barred by the statute of limitations, without specifying the particular statute which was meant, is sufficient.

2. **Limitation of actions** &⟶180(5)—**Demurrer for insufficient facts is sufficient, where complaint shows bar of statute.**

   A demurrer to a complaint for failure to state sufficient facts to constitute a cause of action is sufficient to raise the objection that the complaint shows on its face that no cause of action arose within the period of the statute of limitations.

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Pleading ⟨key⟩417—Amended complaint, alleging subsequent cause of action, waived objection to ruling on demurrer that first cause was barred.**

Where, after demurrer to the original complaint was sustained on the ground that the cause of action therein stated was barred by limitations, plaintiff filed an amended complaint, alleging a cause of action which arose on a subsequent date, he thereby admitted that his original cause of action was barred, and waived his right to contend that the demurrer was insufficient.

**4. Pleading ⟨key⟩236 (1)—Second amended complaint, first alleging diversity of the citizenship, held properly rejected.**

Where plaintiff tendered a second amended complaint after the original complaint and the first amended complaint had been held bad on demurrer, and for the first time alleged diversity of citizenship between the parties as a ground of federal jurisdiction, which was contrary to the recital of plaintiff's residence in verification of the original complaint, it was not an abuse of the trial court's discretion to refuse leave to file the second amended complaint.

**5. Evidence ⟨key⟩10 (4)—Court takes judicial notice of location of Mexican boundary line.**

The court takes judicial notice that Calexico, in the United States, and Mexicala, in Mexico, are really but one town; the international boundary line being at that point a street of the town.

In Error to the District Court of the United States for the Second Division of the Northern District of California Southern Division.

Action by E. E. Young against the California State Board of Pharmacy and others to recover damages in the sum of $25,000 for the alleged conversion of certain quantities of morphine, cocaine, and opium alleged to have been owned by said Young and his predecessors in interest. From a judgment dismissing the action, after refusing leave to plaintiff to file a second amended complaint, plaintiff brings error. Affirmed.

William Sea, Jr., of San Francisco, Cal., for plaintiff in error.

U. S. Webb, Atty. Gen., of California, and Robert W. Harrison, Chief Deputy Atty. Gen., for defendants in error.

John F. Davis, of South San Francisco, Cal., for defendant in error Off.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. This action arises out of the seizure by defendants on April 16, 1915, of certain quantities of poisonous drugs described as morphine, cocaine, and opium, alleged to have been found in the possession of the plaintiff and his assignor. The seizure was made under the claimed authority of the State Board to seize drugs of that character under the provisions of the state Poison Act. Act of March 6, 1907; Stats. Cal. 1907, p. 124.

In the original and amended complaints the defendants were the California State Board of Pharmacy and the members of that board individually and as members constituting said board. The defendant E. T. Off is the only one of the defendants who has been served as an individual, as well as a member of the California State Board of

Pharmacy, and it is for that reason that he appears and is represented individually.

The original complaint, filed June 21, 1919, alleged that the defendants, on the 16th day of April, 1915, seized certain drugs belonging to the plaintiff, consisting of gum opium, cocaine, and morphine sulphate. It is charged by the plaintiff that said seizure, made as claimed by the defendants under a law of the state, was unlawful, in that said goods were at the time of such seizure in transit in interstate and foreign commerce. Diversity of citizenship was not alleged in the original complaint, and jurisdiction of the court was predicated upon the allegation that a federal question was involved through the seizure of these drugs while in transitu in interstate and foreign commerce.

The defendants, in an amended demurrer filed by leave of the court, raised the objection, among others, that the cause of action was barred by the statute of limitations contained in section 338, subdivision 3, of the Code of Civil Procedure of the state of California. Counsel for the defendant Off individually demurred to the complaint on the ground, among others, that the cause of action stated in the complaint was barred by the statute of limitations. The statute of limitations of the state provides that the period for the commencement of "an action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property," must be within three years. The court sustained the demurrers. Thereupon plaintiff, by leave of court, filed an amended complaint, in which it was alleged that on May 1, 1919, the plaintiff was the owner of certain quantities of morphine, cocaine, and opium, which were in transitu in interstate and foreign commerce to plaintiff and one F. McGinnis, the consignees in Mexicala, in the republic of Mexico; that on said May 1, 1919, the defendants were in possession of said drugs, and plaintiff made demand upon defendants for the same. The defendants failed to deliver said drugs to the plaintiff, whereby plaintiff sustained damages in the sum of $25,000.

The defendants demurred to the amended complaint upon the ground that it did not appear that the court had jurisdiction of the persons of the defendants or the cause of action, and did not state facts sufficient to constitute a cause of action against the defendants or any of them. The demurrer pointed out numerous uncertainties and ambiguities in the allegations of the complaint, among others that the allegation that on the 1st day of May, 1919, the drugs mentioned therein were in transit in interstate and foreign commerce, while by another allegation it is stated that on the same day they were in the possession of the defendants, without any charge or allegation that the possession of the defendants had anything whatever to do with their transportation, and it did not appear anywhere in the complaint that defendants were in any way concerned in the transportation of the drugs, or that the drugs were illegally in the possession of the defendants. The court held that the complaint did not state a federal question, and, as there was no diversity of citizenship alleged in the complaint, the court was without jurisdiction of the subject-matter. The demurrers of the defendants

were sustained. The plaintiff then moved the court for permission to file a second amended complaint, which motion was denied. Thereupon judgment was entered dismissing the action. It is from this judgment of dismissal that the plaintiff has sued out his writ of error to this court.

[1] It is assigned as error that the court sustained the demurrers to the original complaint; that the demurrer of Off was that the complaint and cause of action was barred by the statute of limitations; that such a demurrer was insufficient, for the reason that it did not specify what statute was meant. In Spreckels v. Spreckels, 172 Cal. 775–783, 158 Pac. 537, the Supreme Court of California held that such a demurrer was sufficient, citing previous cases in that court to the same effect.

[2] It is contended that the demurrer of the other defendants was insufficient, because it set up the bar of the statute as an insufficient statement of facts to constitute a cause of action. Why was the demurrer not sufficient? The insufficiency of the statement in the complaint clearly consisted of the failure of the plaintiff to allege facts showing that the cause of action arose within three years. This was a defect apparent on the face of the complaint. The court was unquestionably right in sustaining the demurrers.

[3] But technically this question is not an open one now. After the demurrers to the original complaint were sustained, the plaintiff filed an amended complaint on January 9, 1920, in which he attempted to state a cause of action arising on the 1st day of May, 1919. This was in effect an admission by him that he had then no cause of action as of the date of April 16, 1915, as set forth in the original complaint. How, then, can he now question the correctness of the court's judgment in sustaining the demurrers to the original complaint? Plainly under a technical rule of pleading that right had passed.

When plaintiff applied to the court for leave to file a second amended complaint alleging a cause of action arising on the 1st day of May, 1919, the defendants met the application with the affidavit of one Louis Zeh, who declared:

That he was then, on the 15th day of March, 1920, and had been since July 15, 1909. the secretary of the California State Board of Pharmacy; that he was familiar with and knew the circumstances surrounding and connected with the alleged possession by said defendants of the personal property described in said proposed second amended complaint; "that on or about the 16th day of April, 1915, one Roy Jones, who was at said time a duly appointed and acting inspector of said defendant California State Board of Pharmacy, seized and took possession of said personal property at the city of Calexico, county of Imperial, in the state of California, as property then in possession of said plaintiff, E. E. Young, and one C. F. McGinnis; that said property seized, and of which possession was then so taken, was the same property as that described in said complaint, in said amended complaint, and in said second amended complaint; and that after said Roy Jones seized and took possession of said property as aforesaid, said property was never afterwards in the possession of said plaintiff nor any of his agents."

The facts stated in this affidavit were not denied by the plaintiff, and, if admissible at this stage of the proceedings, it appears that whatever cause of action the plaintiff had arose on April 16, 1915, as stated in

the original complaint, and not at any time thereafter, or at any time within the statute of limitations, and that the date alleged in the original complaint was not an inadvertent or erroneous statement, but set forth correctly the time of the transaction which is the basis of this suit.

[4] In the proposed amended complaint plaintiff abandons his claim set forth in his original complaint that on April 16, 1915, the drugs in controversy were in transitu in interstate and foreign commerce from the United States to Mexicala, in Mexico. He also abandons a similar claim in his amended complaint that on May 1, 1919, the drugs were in transitu in interstate and foreign commerce from the same point of shipment to the same destination, and for the first time seeks to invoke the jurisdiction of the District Court on the ground of diversity of citizenship of the parties, alleging that plaintiff is a citizen of the state of Arizona; but he does not allege that he was a citizen of the state of Arizona at the time of the commencement of the action. The only statement on this subject in the original complaint is in the verification by counsel "that plaintiff resides in the city of Calexico, county of Imperial, state of California." In the amended complaint the verification is also by counsel "that plaintiff is a citizen of the state of Arizona and resides in said state of Arizona." It is not alleged in the body of the amended complaint that plaintiff is a citizen of the state of Arizona. In the proposed second amended complaint it is alleged that the plaintiff is a citizen of the state of Arizona, and in the verification of the complaint by counsel it is also so stated.

[5] Returning to the verification of the original complaint that plaintiff is a resident of the city of Calexico, in the state of California, and the averment in the original complaint and in the amended complaint that the drugs were in transitu from the United States to Mexicala in Mexico, we take judicial notice of the fact that Calexico, in the United States, and Mexicala, in Mexico, are really but one town—the international boundary line being at that point a street of the town, on the south side of which is Mexicala, in Mexico, and on the north side is Calexico, in the United States. What relation plaintiff's residence in Calexico in April, 1915, had to the alleged destination of the drugs consigned to plaintiff in Mexicala we do not stop to inquire. All we are concerned about now is the fact that in the proposed second amended complaint it is not alleged that plaintiff was a citizen of Arizona at the time of the commencement of the action, nor is it alleged as in the original and amended complaint that the drugs were in transitu from the United States to Mexicala, Mexico. In Anderson v. Watt, 138 U. S. 694–701, 11 Sup. Ct. 449, 450 (34 L. Ed. 1078), Chief Justice Fuller, speaking for the Supreme Court, said:

"Although the averment as to citizenship may be sufficient, yet, if it appear that that averment is untrue, it is the duty of the Circuit Court to dismiss the suit; and this court, on appeal or writ of error, must see to it that the jurisdiction of the Circuit Court has in no respect been imposed upon. * * * As the jurisdiction of the Circuit Court is limited in the sense that it has none except that conferred by the Constitution and laws of the United States, and the presumption is that a cause is without its jurisdiction unless the contrary affirmatively appears, it is essential that, in cases where jurisdiction de-

pends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or should appear affirmatively with equal distinctness in other parts of the record. It is not sufficient that jurisdiction may be inferred argumentatively from the averments."

After citing authorities in support of this doctrine and reference to the act of 1875, the court proceeds:

"And the inquiry is determined by the condition of the parties at the commencement of the suit."

It may be that the accidental omission to allege diversity of citizenship in an original complaint may be remedied by an amended complaint when the circumstances justify it, as intimated by the court in the case of Montana Mining Co. v. St. Louis Mining Co., 204 U. S. 213, 27 Sup. Ct. 254, 51 L. Ed. 444; but do the circumstances justify such a procedure, when the fact remains, as in this case, that the original and amended complaint and proposed amended complaint, taken together, tend to show that there was no actual diversity of citizenship in the parties at any time during the proceedings? We are of the opinion that the circumstances in this case do not justify an amended complaint.

We think the court was right in sustaining the demurrers to the original and amended complaints, and that it did not abuse its discretion in refusing plaintiff leave to file the proposed second amended complaint.

The judgment of the lower court, dismissing the action, is accordingly affirmed.