[Sac. No. 4566. In Bank.—August 1, 1932.]

KAROLINE J. NEILSEN, Respondent, v. NICOLAI
NEILSEN et al., Appellants.

Thomas Maul for Appellants.

Abe Darlington and Henry S. Lyon for Respondent.

SHENK, J.—The plaintiff is the mother of the defendant Nicolai Neilsen. The defendants are husband and wife. In 1920 the plaintiff, then of the age of seventy-five, was the owner of two parcels of real estate in El Dorado County. One was known as the home place and the other as the mountain property. The defendants were then living with the plaintiff on the home place. On April 1, 1920, an agreement was entered into between mother and son, with full knowledge of the son's wife, whereby the title to both properties was conveyed to the son. The consideration of the conveyance was to be the payment to the plaintiff by her son of $6,000 in money; providing a home and support for the plaintiff for the rest of her life; and conducting to conclusion certain litigation in which the plaintiff was involved. The son thereupon placed a mortgage on the home place and from the proceeds of the loan paid the plaintiff $2,000. He also executed to her an unsecured note for $4,000 payable in six years. Thereafter he borrowed $2,600, giving as security a mortgage on the mountain property. In February, 1929, he sold the mountain property for $10,000 to one Kyburz, receiving therefor the sum of $4,000 in cash and a note for $6,000 secured by a mortgage on the property sold. On July 1, 1929, the plaintiff left the home place and has not returned to live with the defendants. This action was commenced about two weeks later to have it declared, pursuant to subdivision 4 of section 1572 and section 2224 of the Civil Code, that the defendants hold the title to the home place as trustees for the plaintiff; and that the defendants hold the $6,000 Kyburz note and mortgage also as trustees for the plaintiff. An injunction to prevent the defendants from disposing of the Kyburz note or further encumbering the home place was also sought.

The court found that a confidential relationship existed between the plaintiff and the defendant son at the time the aforesaid agreement was entered into; that the treatment of the plaintiff by her son was of such a nature as to compel the plaintiff to leave the home place and that the agreement was entered into by the defendant son without any intention of performing the same. In view of the conflict in the evidence, which was substantial, the findings on these matters may not be disturbed.

By its judgment the court awarded to the plaintiff the sum of $4,000, which was the amount of the unsecured note given by the son to his mother; impressed a trust in favor of the plaintiff on the home place until the money judgment was satisfied; decreed that the $6,000 Kyburz note should be the property of the plaintiff, and directed its assignment to the plaintiff. In its conclusions of law the court stated that inasmuch as Kyburz had been prevented by the issuance of the injunctive order when the action was commenced from paying the principal or interest on the $6,000 note when the same became due, the principal should not bear interest after that time until the entry of judgment. This latter conclusion was not, however, carried into the judgment.

▮ In support of the appeal from the judgment it is contended that the evidence is insufficient to support the findings of the court. This point, on the record, must be determined adversely to the contention. The statute of limitations is also urged. The determination of this point depended primarily on when the plaintiff first suspected the fraudulent intent on the part of her son. While the evidence is meager on this point, we think there is sufficient · to justify the court in finding, under all the circumstances, that the plaintiff was not chargeable with notice of 'the alleged fraud until after the mountain property was sold in February, 1929. This action was commenced thereafter within seasonable time.

▮ The defendants complain of the provisions in the conclusions of law relieving Kyburz from paying principal or interest on his mortgage note from the time the injunction order was served on him until the entry of judgment. There are two answers to this contention. In the first place this order, as above noted, was not carried into the judgment and cannot be deemed a part thereof; and secondly, the defendants were in nowise prejudiced by reason thereof, assuming that it was properly made, for the reason that it operated only against the interests of the plaintiff and she has not taken an appeal therefrom. For the guidance of the parties in the adjustment of the interest on that obligation we incline to the view and hold that the service of the injunctive order on Kyburz did not have the effect of relieving him of the payment of interest accumulating on

the note during the period mentioned. Kyburz is not a party to this action and the result of the service upon him of the order of injunction was merely to abate the payment of principal and interest to the defendants during the time the injunctive order was in effect and to save him from default on account of nonpayment thereof during the pendency of this action.

The judgment is affirmed.

Preston, J., Curtis, J., Tyler, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.