[Sac. No. 5243. In Bank.—October 23, 1940.]

MINNIE M. BAINBRIDGE et al., Appellants, v. B. L. STONER et al., Respondents.

Samuel J. Jones and W. K. Ephraim in *pro. per.*, for Appellants.

Rowan Hardin for Respondents.

EDMONDS, J.—The question which is presented by the appellants in this case concerns the sufficiency of their complaint to state a cause of action against the respondent B. L. Stoner. The superior court sustained his demurrer without leave to amend and subsequently entered a judgment dismissing the action as to him.

According to the allegations of the complaint, the action was brought by the appellants in behalf of themselves and other minority stockholders of the Mark Twain Mining Company, a corporation, to have Stoner and others declared trustees of certain mining claims for the benefit of the corporation and its stockholders. The appellants also seek an accounting from them of the proceeds of ore and certain personal property which it is alleged they removed from the mine and sold. They ask also that a temporary injunction issue to restrain the defendants from transferring or encumbering the real property, or removing any ore therefrom, pending the final determination of the case.

The complaint alleges the following facts: In April, 1928, the corporation owned three mining claims worth over $50,000 and tools and equipment of a reasonable value of $15,000. Stoner, who was then president of the corporation and one of its directors, and Claude Sharon, also named as a defendant, in order to secure for themselves the entire assets of the corporation, ''connived a plan and scheme'' to obtain those assets through judicial proceedings. Thereupon Stoner, acting through F. H. Howard, brought an action against the corporation for $6,600, and caused a judgment to be rendered in favor of Howard, the plaintiff in the suit, against the mining company. After the rendition of this judgment, which was subsequently modified as to amount, Howard as-

signed it to Stoner, who levied execution upon the corporation's real property. Stoner purchased the property at the execution sale for "about the amount of such judgment, $3,000 or less", and took possession as owner. During the year in which the property could have been redeemed, Stoner removed ore valued at about $55,000 and also disposed of equipment, machinery and tools belonging to the corporation as his own personal property and has not accounted to the corporation for it, and the amount so received by him has more than discharged any obligation of the corporation for the amount paid at the execution sale.

By other allegations the appellants charge that on the same day the sheriff executed and delivered a deed of the mining claims, no redemption having been made, Stoner conveyed one of these claims, the Chilano Quartz Mine, to Leslie Logan. According to the complaint, this deed, given without consideration, was executed and delivered at the request of the defendant Sharon, and the grantee holds title for Sharon. The appellants also assert that Stoner, Sharon and Logan claim to own the property of the mining company.

Concerning their right to bring this action, the appellants allege that at the time Howard sued the corporation, and at all times since, Stoner has dominated and controlled its officers and directors and that he and his associates own a majority of its stock. The appellants sue "on behalf of themselves and all others similarly situated who shall come in and contribute to the expense of the action", explaining that no demand has been made upon the corporation, its directors or officers, to institute proceedings against the defendants because the domination and control of the respondent Stoner makes such demand useless.

Pleading as to the time of bringing the action, the appellants say that any apparent delay in filing the complaint was caused by their lack of information concerning the circumstances of the transfer and misappropriation of the property of the mining company to the respondent Stoner, and by him to Logan. They made no discovery of the circumstances and conditions surrounding these acts until some time in the month of September, 1936. Because of the facts alleged by them, the trusts sought to be established and enforced are, under the law, "of a continuing nature and character and essentially such, in relation to real property, as are

cognizable in a court of equity and exempt from the operation of the statute of limitations''.

The demurrer challenges the sufficiency of the complaint upon the general ground that it does not state facts sufficient to state a cause of action; also that the alleged cause of action is barred by laches and by sections 318, 337, 338 and 339 of the Code of Civil Procedure, which are statutes of limitation.

The appellants contend that the only questions presented by the demurrer are whether they are chargeable with laches and whether any statute of limitations bars a recovery. They say that their action is one to declare a trust and for an accounting, that such an action does not lapse while the trust continues and the statute does not begin to run until there is knowledge of a breach or the trust is terminated. The respondent's position is that where fraud is alleged and the facts pleaded show that the cause of action is barred by a statute of limitation, the complaint must include a statement of facts, showing why discovery of the fraud was not made at an earlier date. He argues that as the appellants' complaint pleads the commencement of the action by Howard against the corporation prior to June, 1928, the rendition of judgment against the corporation in 1928, the issuing of execution upon the judgment in 1930, the recording of an assignment of the judgment to Stoner, the conveyance of the property in 1931 by the sheriff's recorded deed to Stoner, and the recorded conveyance to Logan, who took possession of a portion of the property in that year, the stockholders of the corporation had notice of the alleged fraudulent acts and the statute began to run at least as early as 1931 when the sheriff's deed was delivered. Considering the complaint as one to establish a trust, the respondent takes the position that if he secured the property as alleged, he became a constructive trustee and the statute of limitations commenced to run in his favor in 1931.

■ One who is a director of a corporation acts in a fiduciary capacity, and the law does not allow him to secure any personal advantage as against the corporation or its stockholders. (*Hobbs* v. *Tom Reed Gold Min. Co.*, 164 Cal. 497 [129 Pac. 781, 43 L. R. A. (N. S.) 1112]; *Schnittger* v. *Old Home etc. Min. Co.*, 144 Cal. 603 [78 Pac. 9]; *Farmers & Merchants Bank* v. *Downey*, 53 Cal. 466 [31 Am. Rep. 62];

*Lowe* v. *Copeland,* 125 Cal. App. 315 [13 Pac. (2d) 522];
*Highland Park Inv. Co.* v. *List,* 42 Cal. App. 752 [184 Pac.
48].) ■ However, strictly speaking, the relationship is
not one of trust, but of agency, although it has been held
that a director must comply with the requirements of section
2230 of the Civil Code relating to trustees. (*Snediker* v.
*Ayers,* 146 Cal. 407 [80 Pac. 511]. See, also, *Graves* v. *Mining Co.,* 81 Cal. 303 [22 Pac. 665].) But having no title to
the property in his charge, Stoner was not an express trustee
of it as a director or officer of the corporation. ■ To
create an express trust there must be an explicit declaration
of trust followed by an actual conveyance or transfer of property to the trustee. (*O'Neil* v. *Ross,* 98 Cal. App. 306 [277
Pac. 123]; *Nichols* v. *Emery,* 109 Cal. 323 [41 Pac. 1089, 50
Am. St. Rep. 43]. Restatement, Trusts, sec. 2.)

■ Nor did he become a resulting trustee when he acquired the title to the corporation's property. That relationship arises only where one has, in good faith, acquired
title to property belonging to another. Under such circumstances, the law implies an obligation on the part of the one
in whom title has vested to hold the property for the benefit
of the owner, and, eventually to convey to the owner. (*Cummings* v. *Cummings,* 55 Cal. App. 433 [203 Pac. 452].) ■
A resulting trust is created when, because of some invalidity
such as lack of a definite purpose or legality, an express trust
fails, or where property is purchased and title taken in the
name of one person but the consideration is paid by another,
or where after a trust is fully performed, there is property
remaining in the hands of the trustee. It is one implied by
law to carry out the intention of the parties and the trustee
has no duties to perform, no trust to administer, and no purpose to carry out except the single one of holding or conveying to the beneficiary. (*Fulton* v. *Jansen,* 99 Cal. 587
[34 Pac. 331]; Restatement, Trusts, sec. 404; Bogert on
Trusts and Trustees, sec. 451.)

■ The theory of a constructive trust was adopted by
equity as a remedy to compel one to restore property to which
he is not justly entitled, to another. The person holding the
property may have acquired it through fraud, undue influence, breach of trust, or in any other improper manner and
he is usually personally liable in damages for his acts. But
the one whose property has been taken from him is not rele-

gated to a personal claim against the wrongdoer which might have to be shared with other creditors; he is given the right to a restoration of the property itself. The title holder is, therefore, said to be a constructive trustee holding title to the property for the benefit of the rightful owner, but he is not charged with responsibility based upon either the actual or presumed intention of the parties. (Sec. 2224, Civ. Code; *Burns* v. *Ross*, 190 Cal. 269 [212 Pac. 17]; Restatement, Restitution, sec. 160.)

█ According to the allegations of the appellants' complaint, the respondent Stoner, while a director of the corporation, secretly planned and executed a project whereby he acquired title to the property of the corporation in defiance of the rights of the corporation and its stockholders. If in doing so he had acted in good faith and had used the corporation's money to acquire property for it, to which he took title in his own name, he would be a resulting trustee of that property. But as he acted in his own interests and in defiance of the rights of the corporation, for the purpose of acquiring title for himself, there was no presumed intention which would make him such a trustee, and he, therefore, became a constructive trustee for the corporation and its stockholders.

█ No repudiation of a constructive trust is necessary to set the statute of limitations in motion. A cause of action in favor of the corporation and its stockholders arose when Stoner acquired the property of the corporation (*Leviston* v. *Tonningsen*, 212 Cal. 656 [299 Pac. 724]; *Lezinsky* v. *Mason Malt W. D. Co.*, 185 Cal. 240 [196 Pac. 884]) and the statute commenced to run against the appellants at least as soon as they knew, or should have known, what he had done. (*Neilsen* v. *Neilsen*, 216 Cal. 150 [13 Pac. (2d) 715]; *Wills* v. *Pauly*, 116 Cal. 575 [48 Pac. 709]. See Bogert on Trusts, p. 558; Restatement, Restitution, sec. 179.) █ This was more than three years before they commenced their action because the litigation resulting in the judgment against the corporation, the execution sale and the various transfers, gave all interested persons constructive notice of the president's wrongdoing. The action was, therefore, barred at the time the complaint was filed unless the rule should not be applied to an officer or director of a corporation when he deals with the corporate property.

 Under ordinary circumstances, a plaintiff may not invoke the aid of a court of equity for relief against fraud after the expiration of the period of limitation for such an action unless he affirmatively pleads that he did not discover the facts constituting the fraud until within three years prior to the date he filed his complaint. (Sec. 338, Code Civ. Proc.)

 The word discovery as used in the statute is not synonymous with knowledge. And the court must determine, as a matter of law, when, under the facts pleaded, there was a discovery by the plaintiff, in the legal sense of that term. Consequently, an averment of lack of knowledge within the statutory period is not sufficient; a plaintiff must also show that he had no means of knowledge or notice which followed by inquiry would have shown the circumstances upon which the cause of action is founded. Moreover, he must also show when and how the facts concerning the fraud became known to him. (*Lady Washington C. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809]; *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268]; *Turner* v. *Liner,* 31 Cal. App. (2d) 196 [87 Pac. (2d) 740].)

This rule has been somewhat relaxed, so far as the requirement of allegations stating the circumstances which are relied upon by the plaintiff as excusing discovery of the fraud are concerned, in cases involving confidential relationship. (*Rutherford* v. *Rideout Bank,* 11 Cal. (2d) 479 [80 Pac. (2d) 978, 117 A. L. R. 383]; *Barron Estate Co.* v. *Woodruff Co.,* 163 Cal. 561 [126 Pac. 351, 42 L. R. A. (N. S.) 125]; *Tarke* v. *Bingham,* 123 Cal. 163 [55 Pac. 759]; *Lataillade* v. *Orena,* 91 Cal. 565 [27 Pac. 924, 25 Am. St. Rep. 219].) But assuming that this exception is applicable to the present case, the complaint, which is the third filed by the appellants, is entirely silent concerning the second essential of such a pleading, namely, the means by which they discovered that Stoner had acquired the corporation's property. No application was made to the court for leave to further amend, and in view of the previous opportunities which have been given, it must be presumed that the appellants have stated their cause as completely as they can. As so stated, it lacks an essential averment.

 However, in seeking to avoid the effect of the respondent's demurrer, the appellants contend that it must be

disregarded because he failed to specify the subdivision of the code section which he relies upon as the applicable statute of limitation, as required by section 458 of the Code of Civil Procedure. This section provides: "In pleading the statute of limitations it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of section —— (giving the number of the section and subdivision thereof, if it is so divided, relied upon) . . . "

But this section, by its express terms, does not apply to a demurrer. It specifies a substitute for pleading "the facts showing the defense", and facts have no place in a demurrer. As stated in a very early case decided before the statute was enacted, where a defendant desires to take advantage of the plea of the statute of limitations by demurrer, "all the facts involved in a demurrer are those alleged in the pleading demurred to, and the demurrer merely raises a question of law as to the sufficiency of the facts to constitute a cause of action or a defense". (*Brennan* v. *Ford,* 46 Cal. 7.) Later, the code section was considered and its application restricted "to cases in which the statute [of limitations] is pleaded in the answer as an affirmative defense. It is in an answer, and not in a demurrer, that '*facts* showing the defense' would be proper, and the provision that 'the party pleading must establish on the trial the facts showing that the cause of action is barred', clearly indicates that the section has no reference to a demurrer to a complaint upon the ground that the facts alleged therein show that the cause of action is barred. In such a case it is sufficient to specify the statute as one of the grounds of the demurrer." (*Williams* v. *Bergin,* 116 Cal. 56 [47 Pac. 877].) In the case of *Spreckels* v. *Spreckels,* 172 Cal. 775 [158 Pac. 537], a judgment which followed an order sustaining the defendant's demurrer to the complaint upon the ground "that the cause of action is barred by the statute of limitations" was affirmed. "The demurrer does not specify any section of the statute," said the court, "but that is not necessary when the question is raised by demurrer".

In the present case, respondent pleaded the bar of section 338 of the Code of Civil Procedure. This sufficiently presented the issue of law concerning the bar of the statute of

limitations to the facts stated in the plaintiff's complaint and was properly sustained.

The judgment is affirmed.

Gibson, C. J., Shenk, J., and Traynor, J., concurred.

CARTER, J., Dissenting.—I dissent.

The opinion of my associates is to my mind inconsistent and erroneous in that it places an extremely strict construction upon the complaint of plaintiffs and yet at the same time it brushes aside a serious defect in defendants' demurrer.

The complaint, it is true, is unartfully and loosely drawn, and the averments touching upon discovery of the fraud lack fullness and certainty. However, as noted in the majority opinion, the rules requiring full and complete allegation of the circumstances of delayed discovery of fraud have been somewhat relaxed in cases which involve a confidential relationship (*Lataillade* v. *Orena,* 91 Cal. 565 [27 Pac. 924, 25 Am. St. Rep. 219]; *Rutherford* v. *Rideout Bank,* 11 Cal. (2d) 479 [80 Pac. (2d) 978, 117 A. L. R. 383]). Furthermore, even if a pleading is lacking in certainty because it presents essential facts only inferentially and it would therefore be subject to attack by special demurrer, it may still be sufficient as against general demurrer. (*Manuel* v. *Calistoga Vineyard Co.,* 17 Cal. App. (2d) 377 [61 Pac. (2d) 1204]; 21 Cal. Jur., p. 111, sec. 69; p. 268 et seq., sec. 187.) Such is the case here. As no special demurrer was filed and the deficiencies in the complaint are not such as to render it vulnerable against general demurrer, it should be held to state facts sufficient to constitute a cause of action.

In the several cases cited in the majority opinion, the complaint showed on its face that the cause was barred by the statute of limitations, which had been specially pleaded. (*Lady Washington C. Co.* v. *Wood,* (1896) 113 Cal. 482 [45 Pac. 809]; *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268]; *Turner* v. *Liner,* 31 Cal. App. (2d) 196 [87 Pac. (2d) 740].) None of these cases considered the question of whether, in the absence of either a special demurrer or a proper plea of the statute of limitations, the pleading would have been sufficient as against general demurrer.

In the present case, as already stated, there was no special demurrer, nor was there, in my opinion, a good and sufficient plea of the statute of limitations. An attempt was made in the general demurrer to plead the applicable statute (sec. 338, subd. 4, Code Civ. Proc.), but the subdivision of the code section was not specified as required by section 458 of the Code of Civil Procedure.

Section 458 was enacted in 1872 and has never been amended. It provides: "In pleading the statute of limitations it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of section —— (giving the number of the section and *subdivision* thereof, if it is so divided, relied upon) of the Code of Civil Procedure . . . "

As early as 1893, in the case of *Wolters* v. *Thomas,* 3 Cal. Unrep. 843 [32 Pac. 565], it was held that all of the requirements of this section must be met, and that therefore the issue of the statute of limitations would not be raised by a plea which merely specified the code section relied upon, without also specifying the subdivision thereof. This holding is approved and reaffirmed in *Overton* v. *White,* 18 Cal. App. (2d) 567 [64 Pac. (2d) 758, 65 Pac. (2d) 99]. See, also, *Hart* v. *Slayman,* 30 Cal. App. (2d) 556 [86 Pac. (2d) 861].

It is my view that these decisions are sound. The opposing party, I believe, is entitled to know the precise defense which he has to meet and this essential information can be assured him only by requiring that the subdivision number as well as the number of the code section be specified.

There is a line of early cases which would confine application of section 458 to a plea of the statute of limitations raised by answer, and hold it inapplicable to such plea when made by demurrer. No reasoning supports the distinction. It had its origin in a misconception in the case of *Williams* v. *Bergin,* 116 Cal. 56 [47 Pac. 877], of the purport of the decision in the earlier case of *Brennan* v. *Ford,* 46 Cal. 7.

*Brennan* v. *Ford* concerned a demurrer which alleged that the cause of action was "barred by the Statute of Limitations". An objection, made on the general ground that the defense was not well pleaded in point of form, was simply held in so many words to be untenable. Section 458 was not cited, nor was failure to specify the code section mentioned.

The statute had only become effective on January 1, 1873, and the opinion was filed in April of the same year.

The decision in *Williams* v. *Bergin* was rendered in 1897. There this court, again considering the effect of a demurrer which merely alleged that the cause was "barred by the statute of limitations", cited the Brennan case as a premise for a restricted construction of section 458, saying: "The demurrer sufficiently presented the defense of the statute of limitations. (*Brennan* v. *Ford*, 46 Cal. 7.) The provisions of section 458 of the Code of Civil Procedure have reference to cases in which the statute is pleaded in the answer as an affirmative defense. It is in an answer, and not in a demurrer, that '*facts* showing the defense' would be proper, and the provision that 'the party pleading must establish on the trial the facts showing that the cause of action is so barred', clearly indicates that the section has no reference to a demurrer to a complaint upon the ground that the facts alleged therein show that the cause of action is barred. In such a case it is sufficient to specify the statute as one of the grounds of the demurrer. A demurrer upon this ground can be sustained, however, only when it affirmatively appears from the complaint that the plaintiff's cause of action is barred. The defendant cannot, in support of the demurrer, invoke other facts which might be introduced in his defense." (116 Cal. 56, at pp. 59–60.)

The holding was perpetuated in the later case of *Spreckels* v. *Spreckels*, 172 Cal. 775, 783 [158 Pac. 537], where the court said: "The demurrer does not specify any section of the statute, but that is not necessary when the question is raised by demurrer. (*Brennan* v. *Ford*, 46 Cal. 7; *Williams* v. *Bergin*, 116 Cal. [56] 59 [47 Pac. 877].)" A similar statement is found in *Young* v. *California State Board of Pharmacy*, 273 Fed. 30, 33.

In my opinion these holdings are clearly erroneous and should not be followed. There is nothing whatsoever in the language of section 458 to indicate that it is, or was ever meant to be confined in its application to a plea of the statute of limitations by answer, and to be inapplicable to such a plea when made by demurrer. The code commissioners' note, explaining the enactment, states the reason which makes conformity with its requirements as important in the one case as in the other. Said note reads:

"Note—The Commissioners say in their report that they introduced this section believing that a pleading under it will be more concise, and at the same time will afford to the opposite party all the information necessary to enable him to meet the defense made." Obviously, it is quite as necessary that the litigant have all necessary information to meet the defense when it is raised by demurrer as when it is raised by answer.

It is my conclusion that the rule of construction of section 458 declared in the line of cases headed by *Wolters* v. *Thomas, supra,* should be applied regardless of whether the plea of the statute of limitations is raised by answer or demurrer. In the present case it should be held that the attempted plea of the statute of limitations in the demurrer was nullified by its failure to conform to the requirements of section 458 of the Code of Civil Procedure, that the elimination of this plea and the absence of a special demurrer, left the complaint subject only to the general ground of demurrer that it failed to state facts sufficient to constitute a cause of action and that as against such an attack the pleading is clearly sufficient. The judgment of the trial court should be reversed with direction that the demurrer be overruled.

Curtis, J., concurred.

Houser, J., concurred in the foregoing conclusion.