HARLEY–DAVIDSON MOTOR COMPA-
NY, INC., a Wisconsin Corporation,
Plaintiff-Appellant,

v.

CUSTOM CYCLE DELIGHT, INC., a Cali-
fornia Corporation, Richard Douglas Ol-
iver, John L. Oliver, Defendants-Appel-
lees.

No. 80–5064.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 1981.

Decided Jan. 7, 1982.

Rehearing and Rehearing En Banc
Denied March 18, 1982.

Eric Nelson Lindquist, Caldwell & Toms,
Los Angeles, Cal., for plaintiff-appellant.

David A. Weinfeld, Weinfeld & Mixon,
Santa Ana, Cal., for defendants-appellees.

Before CHOY and NORRIS, Circuit
Judges, KASHIWA,* Associate Judge.

NORRIS, Circuit Judge:

Harley-Davidson Motor Company, Inc.
(Harley) brought this diversity action
against Custom Cycle Delight, Inc. (Custom
Cycle) and Richard Oliver and John Oliver,
two of its officers and directors, after Har-
ley recovered from Custom Cycle's shop mo-

* The Honorable Shiro Kashiwa, Associate Judge,    Court of Claims, sitting by designation.

torcycle parts that were stolen from Harley's warehouse. Harley's complaint stated three claims for relief: the first and third for the defendants' participation in a conspiracy to convert Harley's motorcycle parts; the second, for their participation in a conspiracy to fraudulently deprive Harley of the parts. The district court entered summary judgment against Harley on the ground that California's statute of limitations for actions based on conversion, Code of Civil Procedure § 338(3),[1] barred all three of Harley's claims.

On appeal, Harley concedes that § 338(3) bars the first and third claims, but contends that the district court erred in ruling that the second claim was "ultimately predicated upon plaintiff's claim of conversion" and therefore governed by § 338(3). Harley argues that the statute of limitations for actions based on fraud, Code of Civil Procedure § 338(4),[2] which is a more favorable accrual statute, applies to the second claim. We agree with Harley and reverse and remand.

■ Under California law, an action for conversion is not the sole remedy for the taking of personal property. The owner may alternatively recover on a fraud theory if he can plead and prove that personal property was taken by fraud.[3] 2 B. Witkin California Procedure § 325(c) (2d ed. 1970);

cf. *Schneider v. Union Oil Company of California*, 6 Cal.App.3d 987, 992, 86 Cal.Rptr. 315, 317–18 (1970) (plaintiff's remedy is not limited to conversion; he may sue for breach of fiduciary duty).

■ Custom Cycle claims that even if § 338(4) applies, Harley's second claim for relief is time barred because Harley discovered the alleged fraud when it traced stolen parts to Custom Cycle's shop in February 1974, more than four years before Harley filed the complaint. Harley responds that it did not discover Custom Cycle's participation in the conspiracy until Custom Cycle and Richard Oliver pleaded guilty, on July 14, 1975, to federal criminal charges of possessing parts with the knowledge that they were stolen.[4]

■ These competing claims give rise to a factual issue as to when Harley discovered, within the meaning of § 338(4), the facts constituting the alleged fraud. Under California case law, discovery, in the legal sense of that term, occurs when the plaintiff has the "means of knowledge or notice which followed by inquiry would have shown the circumstances upon which the cause of action is founded." *Bainbridge v. Stoner*, 16 Cal.2d 423, 430, 106 P.2d 423, 438 (1940). We cannot decide that issue of fact on the record before us.[5] Accordingly, we

1. Section 338(3) provides that a suit shall be brought "[w]ithin three years: [for an] action for taking, detaining, or injuring any goods, or chattels, including actions for the specific recovery of personal property." Cal.Civ.Proc. Code § 338(3) (1972). All parties agree that California law applies.

2. Section 338(4) provides that a suit shall be brought "[w]ithin three years: [for an] action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal.Civ.Proc. Code § 338(4) (1972).

3. Harley's fraud theory is based upon allegations that the defendants conspired with a Harley employee who breached his fiduciary duty to Harley by originally stealing the motorcycle parts. We express no opinion whether Harley has successfully stated a claim for fraud upon which relief can be granted. We hold only that § 338(4), not § 338(3), is the statute of limita-

tions applicable to Harley's second claim for relief.

4. Harley did not file its complaint until three years minus a day later, on July 13, 1978.
   We note that under California case law, if Harley knew of the government's criminal charges filed in April 1975 against Custom Cycle and Richard Oliver, that would constitute constructive notice of the defendants' participation in the fraud. See *Silver v. Watson*, 26 Cal.App.3d 905, 910–12, 103 Cal.Rptr. 576, 579–81 (1972).

5. Harley argues that the district court "ruled at oral argument that [Harley] received no information upon which to form a belief that [the defendants] purchased parts from ... the central figure in said conspiracy, with or without notice that said parts were stolen." Appellant's Opening Brief at 5–6. As we read the record, the trial judge made no finding as to when Harley acquired knowledge, actual or constructive, of the defendants' involvement in

hold only that § 338(4), rather than § 338(3), is the statute of limitations applicable to Harley's second claim for relief.

REVERSED and REMANDED.

the alleged conspiracy to defraud Harley. There was no need for him to do so once he decided that § 338(3) barred all three of Harley's claims.