[Civ. No. 19117. Second Dist., Div. Two. Feb. 5, 1953.]

ALBERT B. SUKIASIAN, Appellant, v. ISAAC
SHAKARIAN et al., Respondents.

Gross & Svenson for Appellant.

Harold Richardson and Frank W. Doherty for Respondents.

FOX, J.—Zaroohi Shakarian, the decedent, and her husband, Isaac, were married in 1912. They accumulated a substantial estate. Mrs. Shakarian became ill in 1946 and died intestate in November, 1947. There are five married children: a son, Demos, and four daughters, Ruth, Grace, Roxanne, and Florence. On several occasions during her illness Mrs. Shakarian stated that she wanted her children to have her share of the property that she and Isaac owned. It is asserted that these expressions on the part of Mrs. Shakarian were sufficient to create a trust in her property in favor of her children and that Isaac held it as a constructive trust for them and their respective spouses, who were claimed to be within the orbit of her intended bounty. Herein lies the foundation of this litigation.

In May, 1947, Florence married plaintiff, Albert, between whom a divorce action was pending at the time of this trial. Albert contends that upon his marriage to Florence it was orally agreed that all property acquired by either of them would be their common property.

The court found no trust was created which encompassed the spouses of decedent's children, and there was no agreement between plaintiff and Florence that all property acquired by either of them would be their common property. The ultimate question is: Does the evidence sustain these findings?

While it is apparent that decedent had a great appreciation for and was fond of the spouses of her children, it is clear that her own children came first. Ruth testified that when she married, her father and mother gave her a home which was placed in her own name and that no interest therein was given to her husband; that her mother told her that any property she received should be kept in her own name so that she and her children would always be cared for. Florence testified that her mother repeatedly told her that if anything ever came to her from the family, "I want you to keep it in your own name. That way I will know that you will always be taken care of." Isaac testified that Zaroohi discussed with him her wishes with respect to the disposition of her property on only two occasions, both during her last illness. At their home, on one of these occasions, she said to Grace and her husband, "Well, I'm going to leave it to Papa." Later, at the hospital, she said to Isaac, "I know that you have been a good father and you will take care of your children." In an earlier action Grace had verified a complaint in which she stated that her

mother intended to will all her property to her five children, share and share alike. When Grace later received certain property from her father, including $40,000 in cash in a compromise of the family dispute, she received the real property and cash in her own name. The deed ran to her alone and nothing was given to her husband. This testimony, together with the inferences that may reasonably be drawn therefrom, support the court's finding that no constructive trust was created which included the respective spouses of the children as beneficiaries.

Plaintiff directs our attention to other testimony which is favorable to him and emphasises that some of the witnesses were "independent" and "unrelated to the family or to each other." He thus seeks to give added weight to the testimony favorable to his position. ■ The weight to be given particular testimony, the inferences to be drawn therefrom, and the credibility of the witnesses are matters committed to the trier of the facts. (*Dillard* v. *McKnight*, 34 Cal.2d 209, 223 [209 P.2d 387, 11 A.L.R.2d 835].) ■ But such evidence favorable to plaintiff's contention merely created a conflict with that opposed to his position which the trial court has resolved adversely to him and such resolution is controlling on appeal. (*Beeler* v. *American Trust Co.*, 24 Cal.2d 1, 7 [147 P.2d 583].)

■ On the question of an agreement between Albert and Florence, that all property acquired by either of them would be their common property, the evidence supports the court's finding that there was no such agreement. Florence testified that she never told her husband she would give him any property she might inherit. When the parties married Florence had a checking account in excess of $1,400 which represented accumulated earnings as a school teacher. This account was not changed to a joint account but remained in her name alone. Albert stated "that was her own, separate account." It was not used for household expenses or for other family purposes. It was kept intact until plaintiff "got into some difficulty" gambling and this fund was required to extricate him. Prior to the separation of the parties certain property was deeded to Florence alone by her father. She received also rental checks of $150 per month made out to her personally. Plaintiff knew of these transactions but made no objection to the manner in which they were handled nor did he make any demand for any interest in the property. The ring which Albert gave Florence upon their engagement was a

family heirloom. After their separation plaintiff demanded a return of the ring "two or three times" and upon receiving it back proceeded to pawn it. The foregoing testimony, the conduct and behavior of the parties, and the inferences reasonably to be drawn therefrom, furnish ample support for the trial court's determination that there was no agreement between plaintiff and Florence that she would share with him whatever property she might receive from her family.

As a basis for discrediting Florence's testimony, plaintiff points to certain alleged inconsistencies therein. It is for the trial court to resolve inconsistencies and contradictions even in the testimony of a particular witness. (*Peterson* v. *Peterson*, 74 Cal.App.2d 312, 319 [168 P.2d 474]; *Hansen* v. *Bear Film Co.*, 28 Cal.2d 154, 185 [168 P.2d 946].)

 The basic difficulty with plaintiff's argument is that he would have this court reweigh the evidence and draw inferences contrary to those drawn by the trial court. Under firmly established legal principles we are not at liberty to do this (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.