[Civ. No. 4923.   Fourth Dist.   Mar. 6, 1956.]

RAYMOND DAGDIGIAN, Appellant, v. KASPAR J. DAGDIGIAN, Respondent.

Allan S. Mason for Appellant.

John D. Chinello and Gasper H. Magarian for Respondent.

GRIFFIN, J.—This is an action to declare a claimed constructive trust in certain 60 acres of farm and vineyard lands in Fresno County. Plaintiff and appellant is the son of defendant and respondent Kaspar J. Dagdigian and Anna Dagdigian, deceased, who were married in 1906. Defendants Gladys Caywood, Marie Arootian and Harry Kerrigan, also children of Kaspar and Anna, were joined as parties defendant under section 382 of the Code of Civil Procedure. Respondent and his father, Jacob, on December 23, 1926, acquired this property, and title was taken in respondent's

name. Kaspar and Anna executed a deed to Jacob on December 31, 1926, to a 40 per cent interest in it. Apparently, on account of business troubles, Kaspar and Jacob deeded the property to Anna on May 9, 1931, and on July 16, 1931, she filed a homestead on it in her own name. She deeded it to Kaspar on March 3, 1938, and on the same day Kaspar and Anna executed a trust deed on the property to secure the payment of $5,000 to one Freeland, from whom Kaspar and Jacob had acquired the property in 1926. Kaspar and Anna had lived and worked on the property for at least 25 years before her death in 1950.

Plaintiff's complaint alleges that Anna deeded the property to Kaspar on March 3, 1938, under an oral agreement between them whereby Kaspar was to have the use of the property during his lifetime, and "at his death, he would convey the said property and/or cause it to be transferred to the four (4) children, that is, . . . plaintiff herein, Gladys Caywood, Maria Arootian and Harry Kerrigan, the aforementioned real property in a tenancy in common." It alleged that the property was the sole and separate property of Anna at the time of the execution of this deed.

The court found that these allegation were untrue, and specifically found the property to be the community property of Kaspar and Anna. Judgment was entered in favor of respondent.

It is appellant's claim on this appeal that there was no substantial evidence to support the court's finding; that the testimony of appellant's witnesses, when considered in connection with the allowable presumptions, conclusively establish as a fact that the property was the separate property of Anna, and that the oral agreement did exist.

Appellant and his sister Gladys testified generally that the deed had been made upon the mutual agreement that upon the death of one or the other the survivor should retain a life interest in the property, and upon the death of both, the property should go to the four children. While respondent's testimony was not too clear, due to lack of education and knowledge of the English language, it does appear therefrom that he denied the existence of any such agreement, and denied such conversations.

The trial court was entitled to disbelieve the testimony of appellant and his sister Gladys and to believe the testimony of respondent contradicting their testimony. Appellant had the burden of proving the allegations of his complaint

by clear and convincing proof, and the question whether the showing was clear and convincing was primarily one for the trial court. (*Hansen* v. *Bear Film Co., Inc.*, 28 Cal.2d 154, 173 [168 P.2d 946].)

Under the finding that no trust was created, the question of whether the property was separate or community becomes unimportant. However, the evidence amply supports the finding. (Civ. Code, § 164.)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.