[Civ. No. 5887.   Fourth Dist.   June 23, 1959.]

BEATRICE GONZALEZ et al., Appellants, v. HENRY E. RIIS et al., Respondents.

William F. Reed and Jack L. Oatman for Appellants.

Edgar B. Hervey, James Edgar Hervey and Henry F. Walker for Respondents.

SHEPARD, J.—In this action plaintiffs, through six separate alleged causes of action, seek to have it declared that they are the beneficial owners of a certain 10 acres of land described in the complaint as located in Carmel Valley, County of San Diego, State of California. By their first cause of action they set out a simple action to quiet title, alleging themselves to be owners in possession. By their second cause of action they allege a resulting trust on account of certain promises alleged to have been made by one William Wilson and Rosa Wilson, the record owners of the property, as a result of which plaintiffs took possession and made improvements in reliance thereon. As a third cause of action, they claim an express trust by reason of the same facts set forth in the second cause of action. By the fourth cause of action they claim a constructive trust, by reason of the same facts set forth in the second cause of action. By their fifth cause of action they claim a resulting trust by reason of the same facts set forth in the second cause of action. In their sixth cause of action they claim a completed gift by reason of the same facts set forth in the second cause of action. Upon completion of the trial, judgment was rendered in favor of defendants, and plaintiffs appeal.

Plaintiff Beatrice Gonzalez, in 1930, was the wife of Edward Polloreno, and the other plaintiffs are all the children of that marriage. Edward Polloreno was the nephew of Rosa Wilson while Beatrice, his wife, was apparently related to William Wilson, the husband of Rosa Wilson. William Wilson and Rosa Wilson were, in 1929, and for many years thereafter, the record owners of 121 acres of land, of which the 10 acres here in dispute was a part. On this 10-acre parcel there was then located a building formerly used as the Carmel Valley Club House. At that time the Pollorenos had one or two children but in the later years five or six more children were born of this marriage.

In general substance, the testimony produced by the plaintiffs was to the effect that about the year 1929 or 1930

the Wilsons orally stated to the Pollorenos that they, the Wilsons, then and there made a gift to the Pollorenos and their children of the land on which the Carmel Valley Club House was located; that they told the Pollorenos to go on the land, improve it and care for it and that when the youngest of the Polloreno children became of age the Wilsons would deed it to the Pollorenos and their children. Plaintiffs' evidence contains several versions and it is not clear exactly under what circumstances or when a deed was to be executed. Plaintiffs' testimony further shows that the Pollorenos then moved onto the land in question; that their children (also plaintiffs herein) lived in the building, improved it, built some additions, put in partitions and paid taxes thereon; that Mr. Wilson died in 1942 and Rosa Wilson became the sole record owner; that in October, 1952, Rosa Wilson signed and deposited in escrow for delivery to plaintiffs a deed which, if it had been delivered, would have conveyed the property under dispute to these plaintiffs. However, as a condition of the delivery of this deed she instructed that the plaintiffs pay the escrow charges (which amounted to about $40). On April 27, 1953, the escrow charges not having been paid, she cancelled the escrow and recovered the deed. None of the plaintiffs ever signed the escrow, but did know of its existence and of the necessity of paying the escrow charges. Later, Mrs. Wilson deeded the property to her daughter Amelia G. Serrano, who thereafter sold the property to defendants Riis Brothers. Mrs. Serrano is also a defendant herein. She disclaims any interest in the property except to use it for the benefit of her mother. At one time, while Rosa Wilson was applying to the welfare department for a pension, both Mrs. Wilson and Mrs. Serrano apparently made written statements that plaintiffs herein were the beneficial owners of this property.

Mrs. Wilson in her testimony denied that the statement attributed by plaintiffs to her and to Mr. Wilson of 1929 or 1930 purporting to make a gift to the Pollorenos were ever made. On the contrary she testified that the Pollorenos were without a home and that to help them she and Mr. Wilson permitted them to live in the buildings on the property under dispute, and to fix up the building to suit the Pollorenos' living convenience. She stated that she did for many years have the intention of giving the property to the Pollorenos, but that they did not improve the property in the manner claimed by them; that on the contrary, after the death of Edward Polloreno they were destructive; that they did not

pay the taxes as claimed by them, but in fact paid the tax for only one or possibly two years; that the materials used in the improvements which were in fact made were purchased with money secured from a bank loan in the amount of $1,000 which she, Mrs. Wilson, guaranteed, and that she ultimately had to pay $900 principal plus interest; that she did not make the statement to the welfare department as signed by her, but merely that she ultimately expected to give the property to the Pollorenos and that the statement, in any event, was made only to secure the pension and was framed in the way it was written by the welfare department, and not by her. Mrs. Wilson's testimony was in part corroborated by defendant Serrano and to a small degree by other witnesses. Other evidence indicated the reasonable rental value of the property for the period of time occupied by the Pollorenos was $100 per month.

The trial court found against plaintiffs' contention of ownership and gift; found it to be true that the plaintiffs occupied the property by permission of the owners; that they went upon the property in 1931 under permission from William Wilson that they might make a home for themselves on the property for an indefinite period of time; that the plaintiffs did take possession, made certain improvements and additions thereon for their own use and benefit; that Edward Polloreno, the husband, died on April 11, 1949; and that plaintiffs paid a part of the taxes during their occupancy thereof. The trial court further found that there never was any gift of the property to the plaintiffs or any of them, and that no express constructive or resulting trust was ever created with respect to said property.

The courts of this state have repeatedly held in varying types of cases relating to alleged oral gifts, transfers or creations of trust that while "No particular language or terminology is necessary to create a trust," (*Neel* v. *Barnard*, 24 Cal.2d 406, 412 [2] [150 P.2d 177]), plaintiff must establish the alleged oral agreement by full, clear and convincing evidence (*Fowler* v. *Security-First Nat. Bank*, 146 Cal.App. 2d 37, 43 [1] [303 P.2d 565]; *Dagdigian* v. *Dagdigian*, 139 Cal. App.2d 721, 722 [2] [294 P.2d 507]; *Grace* v. *Rodrigues*, 111 Cal.App.2d 131, 137 [4] [243 P.2d 906].) It has been repeatedly held that:

"Whether the evidence to prove the existence of the trust is clear, satisfactory and convincing 'is primarily a question for the trial court to determine, and if there is substantial

evidence to support its conclusion, the determination is not open to review on appeal.' '' (*Viner* v. *Untrecht,* 26 Cal.2d 261, 267 [2] [158 P.2d 3].)

It has further been held: ''To create an express trust there must be an explicit declaration of trust followed by an actual conveyance or transfer of property to the trustee.'' (*Bainbridge* v. *Stoner,* 16 Cal.2d 423, 428 [3] [106 P.2d 423].)

In the case at bar the evidence was conflicting. It is true that the trial court might have taken a different view of the ultimate facts proved. However, it saw and heard the witnesses and weighed their testimony and its consistency and inconsistencies. ''The sufficiency of evidence to establish a given fact, where the law requires proof of the fact to be clear and convincing, is primarily a question for the trial court to determine, and if there is substantial evidence to support its conclusion, the determination is not open to review on appeal. (*Stromerson* v. *Averill,* 22 Cal.2d 808, 815 [6] [141 P.2d 732].) As was said by Justice Fox of the Second District in a similar case:

''The basic difficulty with plaintiff's argument is that he would have this court reweigh the evidence and draw inferences contrary to those drawn by the trial court. Under firmly established legal principles we are not at liberty to do this.'' (*Sukiasian* v. *Shakarian,* 115 Cal.App.2d 798, 801 [6] [252 P.2d 956].)

We are convinced that the evidence was sufficient to support the findings, and that the findings support the judgment.

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied July 20, 1959, and appellants' petition for a hearing by the Supreme Court was denied August 19, 1959.